————o————

MATTHIAS HELLER, *et al.*, Plaintiffs in Error, *vs.* THE MAYOR, ALDERMEN & CITIZENS OF SEDALIA, Defendants in Error.

1. *Municipal corporations—Fire department—Fires, losses by—Liability.*—A grant, by the Legislature to a city, of power to establish a fire department, confers a Legislative or discretionary power, and does not render the city liable, if the power is exercised, for losses occurring through fires.

*Error to Henry Circuit Court.*

*Snoddy & Bridges, and F. P. Wright*, for Plaintiffs in Error.

When a duty is enjoined upon an agent or servant of a municipal corporation, which is purely ministerial, and is violated, or not performed, or negligently performed, so that an injury results, the corporation is liable to the party injured. (Wilson vs. Peverly, 1 Amer. L. Cas., 465, and note, where the cases are collected; Hilsdorf vs. City of St. Louis, 45 Mo., 94; Ang. and Am. Corp., §§ 385–8, and cases in the notes.)

In the case at bar, the plaintiffs were compelled to pay their *pro rata* for the establishment and continuance of the fire department, and compelled, in case their property takes fire, to act as subordinates to the agent and employee of defendant.

*Phillips & Vest*, for defendants in error.

When the acts or omissions complained of were done or omitted in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, then the corporation is not liable for the

consequences of such acts or omissions on the part of its officers and servants. (Murtaugh vs. City of St. Louis, 44 Mo., 480; Prather vs. City of Lexington, 13 B. Mon., 559; Martin vs. Mayor of Brooklyn, 1 Hill, 545; City of Richmond vs. Lang's Admr., 17 Grat., 375; Bailey vs. City of New York, 3 Hill., 538; Dargan vs. City of Mobile, 31 Ala., 469; Stewart vs. City of New Orleans, 9 La. An., 461; Western College vs. City of Cleveland, 12 Ohio St., 575; Sto. Ag., 393, 397, 590; Sherbourne vs. Yuba County, 21 Cal., 113; Dill. Munici. Corp., §§ 764, 765, and notes.)

A municipal corporation is not liable for the negligence of firemen appointed and paid by it, nor is such corporation liable to the owner of property destroyed or damaged by fire, in consequence of its neglect to provide suitable engines or fire apparatus, or to provide and keep in repair public cisterns. (Dill. Munic. Corp. §§ 774, 775, and cases cited; Wheeler vs. City of Cincinnati, 10 Ohio St., 19; Fisher vs. City of Boston, 104 Mass., 87.)

ADAMS, Judge, delivered the opinion of the court.

The case comes here on demurrer to the plaintiff's petition, which was sustained by the Circuit Court.

The suit originated in Pettis county, and was taken by change of venue to the Henry Circuit Court.

The petition alleges, that the defendant being a municipal corporation was authorized by its charter to establish fire companies in the city and to pass by-laws and ordinances to prevent and extinguish fires, and the petition further alleges, that the defendant did pass an ordinance establishing and regulating the fire department of the city, and under this ordinance one Isaac Graham was appointed chief engineer of the fire department, and accepted the appointment, and entered on the duties of office at a salary of seventy dollars per month, and that under the same ordinance one John B. Gallie was appointed chief of the Fire Department, and accepted the appointment, and duly qualified as such, and entered on the duties of his office. The petition further alleges, that the plain-

Heller, et al. v. The Mayor, Aldermen & Citizens of Sedalia.

tiffs were the owners of a valuable brewery situated in said city, which with the contents was consumed by fire on th 25th day of March, 1869; and that their loss by fire amounted to thirty-one thousand dollars. The petition alleges, that the fire might have been extinguished by proper exertions on the part of the officers of the fire department; and further alleges, that the loss occurred by the negligence of the officers &c., of the fire department, and claims that the city was liable for such loss. In my judgment the demurrer was properly sustained to this petition.

It was not the intention of the Legislature, in conferring power on the city to establish a fire department, to render it responsible as an insurer for losses by fire. The power conferred was a legislative or discretionary power, which the city authorities might in their wisdom exercise or not. The creation of the fire department was not for the peculiar benefit of the corporation, but for the public. And the officers of this department, although appointed by the city, are public officers, and not agents of the city in the sense that renders the city liable for their acts or omissions of duty.

The doctrine of "*respondeat superior*" does not apply to this case, nor do the facts charged in the petition bring this within the numerous classes of cases, where a city is held liable for injuries in the construction of public works, or the neglect of some specific duty, such as keeping streets in repair, whereby damages result to travellers, &c. (Dill. Mun. Corp. § 774; Wheeler vs. Cincinnati, 19 Ohio St., 19; Patch vs. Covington, 17 B. Mon., 722; Brockmeyer vs. Evansville, 29 Ind., 187; Wrightman vs. Washington, 1 Blackf., 39.)

Let the judgment be affirmed. The other Judges concur.