## NEW YORK SUPREME COURT.

STEPHEN B. WOOLBRIDGE, plaintiff, agt. THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK and
THE METROPOLITAN FIRE DEPARTMENT, defendants.

*City of New York not liable for the acts or omissions of the fire department.*

The metropolitan fire department of the city of New York was created,
and organized by an act of the legislature. It has, by such act, control
and management of the men and property, and the measures and action
for the prevention and extinguishment of fires.

The commissioners are not the agents of the city corporation, and the city
is not liable for the acts or omissions of the department or its commis-
sioners or agents, consequently the city is not liable for personal injuries
caused by the explosion of a steam fire engine in the street, used by the
fire department.

*Special Term, January,* 1875.

DEMURRER to complaint.

*H. Brodhead,* for plaintiff.

*D. J. Dean,* for defendant, The Mayor, &c..

VAN VORST, *J.* — The defendant, The Metropolitan Fire
Department, was created and organized by chapter 249, Laws
of 1865. The commissioners of this department, created by
the act, were to have the control and management of the
men and property and the measures and action for the pre-
vention and extinguishment of fires.

The commissioners were not appointed by, nor were they
the agents of the city corporation.

The act in question does not render the city liable for the acts
or omissions of the department or its commissioners or agents.

In *Classing* agt. *The Metropolitan Fire Department* (1 *Sweeny*, 224), the fire department was held liable, as a corporation, for injury occasioned by the negligence of its agents.

The injury complained of in this action was similar to that in the action above mentioned, the plaintiff being severely wounded by the explosion of a steam fire engine in the street.

That the complaint alleges that the fire department was the agent of the city corporation, when the statute creating the department and defining its duties is also set up, cannot in law be held to establish such fact.

The statute referred to in the complaint must control in determining the liabilities of the parties affected, and its terms must qualify the allegations of the complaint.

In *Jewett* agt. *The City of New Haven* (38 *Conn. R.*, 368; *S. C.*, 9 *Amer. R.*, 382), it was held that a city, authorized by its charter to establish and regulate a fire department, is not liable for injuries occasioned by the negligence of a fireman while engaged in the discharge of his duties, although such fireman is employed and paid by the city (*Hafford* agt. *City of New Bedford*, 16 *Gray R.*, 297). And in *Fisher* agt. *City of Boston* (104 *Mass.*, 87), the court decided that a city is not liable for a personal injury resulting from the negligence of the officers and members of its fire department, although the department was established and regulated under a special statute which applied to that city alone, and by its terms required that it should be accepted by the city council before it should become a law.

In the management of the property and apparatus, and in their acts put forth in the extinguishment of fires, the firemen act not for the city corporation, but for the general public.

In *Fisher* agt. *The City of Boston*, above referred to, the injury to the plaintiff arose from the bursting of a defective hose attached to a fire engine at a fire.

There should be judgment for the defendant, The Mayor, Aldermen and Commonalty of the City of New York, on the demurrer, with costs.