By the Court. —Van Vorst, J.
The fire commissioners, who administer the fire department, within the city of New York, were engaging in testing, with reference to' a purchase thereof, by the defendant, some fire apparatus, called a “ tower,” in a public place known as the “ Battery.”
The plaintiff’s husband, who was standing by, was killed by the fall of the tower.
The plaintiff, as administatrix of her late husband’s estate, brings this action to recover damages for her husband’s death, occasioned, as she claims, through the negligence of the defendant.
Upon the opening of the plaintiff’s case, the learned judge who presided at the trial dismissed her complaint, and from the judgment upon such dismissal this appeal is taken.
That the defendants are not liable in damages for the negligence of the commissioners of the fire department, or their servants, has been repeatedly decided. Under *429 the system of laws applicable to the city of New York, it is well settled that the defendants are not the superiors of the employees of the fire department, and are not liable for their negligent acts or omissions (Maxmillian v. Mayor, &c., 62 N. Y. 160 ; Ham v. City of New York, 70 N. Y. 459 ; Hill v. City of Boston, 122 Mass. 344; 17 Alb. L. J. 218). In Woodbridge v. Mayor, &c. (49 How. Pr. 67), the subject was considered, and the result above expressed was reached. Cases on the subject are there cited.
The learned counsel for the plaintiff argued, however, that the fire tower was being tested only by the fire commissioners, preparatory to a purchase thereof by the defendants. But the trial judge said upon that subject: “I do not see how a distinction can be drawn between the use of a fire tower, after the title has been vested in the city, and the test of a water tower in view of its acquisition.” We concur in that, statement.
It is the duty of the fire commissioners to provide themselves with proper apparatus for extinguishing fires, which would involve the obligation to test the tower in advance.
A similar point was considered in Edgerly v. Concord (59 N. H.; S. C., 29 Alb. L. J. 291); Smith v. City of Rochester (76 N. Y. 506).
The judgment is affirmed, with costs.
Sedgwick, Oh. J., concurred.