### ALVIN S. THOMAS v. FINDLAY (CITY).

RACING HORSES IN STREETS WITH PERMISSION OF AUTHORITIES DOES NOT MAKE CITY LIABLE.

The firemen of a municipal corporation are not servants of a city, but public officers and where they are permitted by the authorities to race their teams in practice with their apparatus in the streets, in order that they may become more efficient in the discharge of their duties, and, while so employed, they carelessly and negligently injure a stranger by running against his team, the city is not liable for such injury, for the proximate cause was not the city's permission, but the fireman's negligence.

Error to the Court of Common Pleas of Hancock county.

The plaintiff in error was plaintiff below. He sues the city to recover damages for a personal injury. In his petition he alleges that the city has a fire department; that it knowingly permitted its servants and firemen having charge of its chemical engine and a team attached thereto, to drive at a rapid rate on one of its streets, and to use said street for the purpose of racing, and while the plaintiff was driving his horse and buggy on said street, said firemen carelessly and negligently ran said team and chemical engine against his buggy, when there was no fire, and when said firemen were not going to or returning

from a fire, by means of which, and without any fault on the part of the plaintiff, he was injured.

A demurrer by the city to the petition was sustained, and judgment given for the city on the demurrer, to reverse which, the plaintiff has filed a petition in error in this court.

BEER, J.

Does the petition state facts sufficient to constitute a cause of action?

Permitting the firemen to race in the street was not the proximate cause of the injury, as shown by the petition. The proximate cause of the injury was the negligent act of the firemen complained of.

Is the city liable on the maxim of *respondeat superior* for such negligent act, assuming that it has charge of the streets and that it established the fire department?

If the municipal corporation appoints or elects servants or agents, and can control them in the discharge of their duties, can continue or remove them, can hold them responsible for the manner in which they discharge their trust; and if these duties relate to the exercise of corporate powers, and are for the benefit of the corporation in its local or special interest, such servants may justly be regarded as the servants of the corporation, and the maxim of *respondeat superior* applies. ·

But if, on the other hand, they are elected or appointed by the corporation in obedience to the statute to perform a public service not peculiarly local or corporate, and if they are independent of the corporation as to the manner of discharging their duties, they are not to be regarded as servants of the corporation for whose acts it is impliedly liable, but they are to be considered public officers, and the doctrine of *respondeat superior* is not applicable. 2 Dillon, Munic. Corp., secs. 974, 976; Wharton on Neg., secs. 260, 261.

It follows that an action will not lie against a municipal corporation for an injury resulting from the torts of its police officers, or the officers and members of its fire department.

We are sustained in this view by numerous authorities, among which we cite: Wheeler v. Cincinnati, 19 O. S., 19; Western College v. Cleveland, 12 O. S., 375; 29 Ind., 187; 1 Allen, 172; 41 Me., 363; 45 Me., 496; 52 Me., 118; 16 Gray, 297; 53 Mo., 159; 49 How. Pr., 67; 104 Mass., 87; 38 Conn., 368; 13 Bush., 226; 33 Wisc., 314; 62 N. Y., 160.

The court below did not err in sustaining the demurrer and in giving judgment thereon for the city.

Judgment affirmed.

. Bitler & Waltermire, for plaintiff in error.

W. F. Duncan, for defendant in error.