Beer, J.
Does the petition state facts sufficient to constitute a cause of action V
Permitting the firemen to race in the street was not the proximate cause of the injury, as shown by the petition. The proximate cause of the injury was the negligent act of the firemen complained of.
Is the city liable on the maxim of respondeat superior for such negligent act, assuming that it has charge of the streets and that it established the fire department ?
If the municipal corporation appoints or elects servants or agents, and can control them in the discharge of their duties, can continue or remove them, can hold them responsible for the manner in which they discharge their trust; and if those duties relate to the exercise of corporate powers, and are for the benefit of the corporation in its local or special interest, such servants may justly be regarded as the servants of the corporation, and the maxim of respondeat superior applies.
But if, on the other hand, they are elected or appointed by the corporation in obedience to the statute to perform a public *243 service not peculiarly local or corporate, and if they are independent of the corporation as to the manner of discharging their duties, they are not to be regarded as servants of the corporation for whose acts it is impliedly liable, but they are to be considered public officers, and the doctrine of respondeat superior is not applicable. 2 Dillon, Munic. Corp., §§ 974, 976 ; Wharton on Neg., §§ 260, 261.
Bitler & Waltermire, for plaintiff in error.
W. F. Duncan, for defendant íd error.
It follows that an action will not lie against a municipal corporation for an injury resulting from the torts of its police officers, or the officers and members of its fire department.
We are sustained in this view by numerous authorities, among which we cite ; 19 Ohio St. 19; 12 Ohio St. 375; 29 Ind. 187; 1 Allen, 172; 41 Me. 363; 45 Me. 496; 52 Me. 118; 16 Gray, 297; 53 Mo. 159; 49 How. Pr. 67; 104 Mass. 87; 38 Conn. 368 ; 13 Bush. 226; 33 Wisc. 314; 62 N. Y. 160.
The court below did not err in sustaining the demurrer, and in giving judgment thereon for the city.
Judgment affirmed.