**CHRISTINE H., Plaintiff-Appellant,**

v.

**DERBY LIQUOR STORE, Lonnie Speer & City of Kirkwood, Defendants-Respondents.**

No. 49880.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 31, 1985.

Gary R. Sarachan, St. Louis, for plaintiff-appellant.

Robert B. Hoemeke, Richard B. Walsh, Jr., St. Louis, for Speer and City of Kirkwood.

Richard O. Funsch, Robbye Hill Toft, St. Louis, for City of Kirkwood.

SNYDER, Judge.

Plaintiff-appellant filed suit for damages against the City of Kirkwood, Lonnie Speer and Derby Liquor Store for personal injuries resulting from a sexual assault. Lonnie Speer is a police officer employed by the City of Kirkwood. Appellant's petition against the City and Speer was dismissed with prejudice. The trial court designated the judgment as final for purposes of appeal. The judgment of dismissal is affirmed.

Appellant, a young white female, alleged in her petition that she was on the parking lot of the Derby Liquor Store, crying and being harassed by a group of black men and that Speer observed the harassment. She further alleged that Speer had knowledge of the prior criminal records of the black men, their violent and criminal propensities and failed, omitted and refused to take any measures to warn appellant of the danger or further investigate the suspicious behavior of the black men. Speer also failed to summon assistance for appellant. Appellant suffered severe damages including rape trauma syndrome, traumatic reactive depression, contusions, abrasions, lacerations and permanent injuries to the nerves and vertabral discs.

The trial court based its granting of the motions to dismiss on the official and sovereign immunity of Speer and the City.

■ The appeal was from the judgment dismissing both Speer and the City, but the points relied on in appellant's brief are directed only to trial court error in dismissing the petition against the City. Therefore, it is unnecessary to discuss the question of Speer's liability. Rule 84.04(d). *State ex rel. Curtis v. Crow*, 580 S.W.2d 753, 756[2] (Mo. banc 1979).

■ This court will say, however, that Speer's actions were protected from liability by official immunity, which applies to acts of a police officer which are discretionary. *Newsom v. City of Kansas City*, 606 S.W.2d 487, 490[7] (Mo.App.1980); *Jackson v. Wilson*, 581 S.W.2d 39, 43[2] (Mo.App. 1979).

Speer's actions on the night in question were discretionary as that term is used in determining whether there is immunity. *See Parker v. Sherman*, 456 S.W.2d 577, 580[8] (Mo.1970); *See also Berger v. City of University City*, 676 S.W.2d 39, 41[1] (Mo.App.1984); *State ex rel. Eli Lilly and Co. v. Gaertner*, 619 S.W.2d 761, 763[3, 4] (Mo.App.1981).

In appellant's first point relating to the City of Kirkwood she maintains the City's liability insurance constitutes a waiver of sovereign immunity for personal injuries caused while the City is exercising a governmental function. This point is denied.

Appellant relies on §§ 537.600 and 71.185 (all statutory references are to RSMo. 1978). Section 537.600 was passed after the Supreme Court handed down *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977) in which the court ruled that the doctrine of sovereign immunity should no longer be followed by the courts of Missouri. *Id.* at 231[11].

■ The legislature then passed § 537.-600 which restored the doctrine of sover-

eign immunity except in certain situations when those situations were covered by insurance. The only occurrences which can give rise to liability of a public entity when covered by insurance under § 537.600 are those arising out of the act or omission by public employees in the operation of motor vehicles and those relating to injuries caused by the condition of a public entity's property. *Bartley v. Special School District of St. Louis County*, 649 S.W.2d 864, 870[13] (Mo. banc 1983). Obviously § 537.-600 does not apply in the case under review.

Appellant relies also on § 71.185 which reads in part:

1. Any municipality engaged in the exercise of governmental functions may carry liability insurance and pay the premiums therefor to insure such municipality and their employees against claims or causes of action for property damage or personal injuries, including death, caused while in the exercise of the governmental functions, and shall be liable as in other cases of torts for property damage and personal injuries including death suffered by third persons while the municipality is engaged in the exercise of the governmental functions to the extent of the insurance so carried.

■ This section has been in effect since 1959, but again it does not apply here. Although the statute does not use the word negligence, it would be stretching credulity to interpret it to mean that a municipality may be held liable for *any* personal injuries or property damage occurring during the exercise of a governmental function by the municipality, regardless of negligence.

■ The statute speaks of "other cases of torts for property damage and personal injuries." It follows then that before a municipality may be held liable under § 71.185 there must be liability as in cases of other torts, and the facts pled by appellant do not support tort liability.

■ The enforcement of the municipality's ordinances by the police is a public duty and no liability arises from the breach of that public duty. *Berger v. City of University City*, 676 S.W.2d 39, 41[1, 2] (Mo.App.1984). A citizen has no cause of action for injuries sustained as the result of an alleged breach of public duty to the community as a whole. Therefore, § 71.-185 is of no avail to appellant in her petition for relief against the City of Kirkwood.

■ Arguing further, appellant asked this court to change the existing law by basing liability on a "special duty" doctrine. Some jurisdictions have adopted a "special duty" exception when the police owe a special duty to an individual. This exception has not been recognized by the Missouri courts. *Berger v. City of University City, supra* at 41. This court declines to legislate judicially by applying the special duty doctrine to the facts of this case.

Moreover, the special duty exception requires, among other things, acts or omissions which are either affirmative or willful in nature on the part of the municipality, a requirement that is not met in the allegations contained in appellant's petition. *Berger v. City of University City, supra.*

The question of respondeat superior, the city's liability for the acts of its servants, need not be discussed in view of the ruling that an individual citizen may not recover for breach of a public duty which is owed to the community as a whole, but not to individual citizens.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.