Woodrow W. LAWHON, and Jerry E. Simpson, Appellants,

v.

CITY OF SMITHVILLE, and Smithville and Community Fire Fighting Association, Respondents.

No. WD 37822.

Missouri Court of Appeals, Western District.

Aug. 26, 1986.

William H. Pickett, Kansas City, for Lawhon and Simpson.

Jerome E. Brant, Liberty, for Smithville & Community Fire Fighting Ass'n.

Daniel E. Hamann, Kansas City, for City of Smithville.

Before BERREY, P.J., and PRITCHARD and DIXON, JJ.

BERREY, Presiding Judge.

Plaintiffs appeal from the circuit court's judgment on the pleadings in favor of the defendants, City of Smithville (hereinafter City) and the Smithville and Community Fire Fighting Association (hereinafter Fire Fighting Association). The issue on appeal is whether defendants waived their immunity to suit by purchasing liability insurance pursuant to § 71.185 RSMo 1978.[1] This court affirms.

1. All statutory references are to RSMo 1978.

Plaintiffs, Jerry E. Simpson, owner of "Porky's" restaurant and lounge, and Woodrow W. Lawhon, owner of an amusement arcade and the restaurant fixtures within the aforementioned establishment, sought damages against the City, a municipal corporation, and the Fire Fighting Association, a pro forma corporation, for their alleged negligence in the handling of a fire on May 21, 1982, which completely destroyed the restaurant and lounge. Their petition alleged that the Fire Fighting Association "was negligent and/or willful, wanton and malicious in the following respects, to wit:

(a) it failed to promptly enter Porky's Restaurant and fight the grease fire;

(b) it applied water to the grease fire;

(c) it attempted to extinguish the grease fire by directing water into the general kitchen area, without entering the kitchen area to apply water in a direct manner;

(e) (sic) it failed to use appropriate firefighting methods to extinguish a grease fire;

(f) (sic) it failed to promptly and timely terminate the natural gas supply to the building; and

(g) (sic) it failed to timely and appropriately inspect and investigate the nature of the fire so as to be able to apply appropriate firefighting methods."

In its answer, the City admitted it had procured liability insurance but denied that it had waived its sovereign immunity pursuant to § 71.185 by the purchase of the insurance as asserted by plaintiffs in their petition. Nothing has been pled or proven to establish the Fire Fighting Association had purchased similar insurance.

The City and the Fire Fighting Association each filed motions for judgment on the pleadings and suggestions in support. Defendants assert in their suggestions that plaintiffs' claim is not actionable citing authority holding public officers who owe a duty to the public at large may not be sued as their duty does not run to the individual. The court granted the defendants' motions

finding plaintiffs' petition failed to state a claim against the defendants "as a matter of law for the reasons set out in the Motions and Suggestions filed in this cause by said Defendants."

In plaintiffs' only point on appeal, it is asserted the trial court erred in granting defendants' motions for judgment on the pleadings because the public duty doctrine is inapplicable where sovereign immunity has been abrogated by the purchase of liability insurance pursuant to § 71.185. A trend exists to whittle away the doctrine of sovereign immunity, *see, Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977), and the Missouri legislature has joined that course through the enactment of § 537.600.

Section 71.185 [2] authorizes the purchase of liability insurance by any municipality to protect against liability for property damage or personal injuries while in the exercise of governmental functions. To make use of this statute, the facts pled must support tort liability against the municipality. *Christine H. v. Derby Liquor Store,* 703 S.W.2d 87, 89 (Mo.App.1985).

The threshold requirement to establish tort liability in this negligence action is the existence of a "legal duty on the part of the defendant[s] to conform to a certain standard of conduct to protect others against risks." *Hoover's Dairy, Inc. v. Mid-America Dairymen,* 700 S.W.2d 426, 431 (Mo. banc 1985). It has been the law of Missouri that public officers are not liable for injuries or damages sustained by particular individuals when the breach by the officers runs from a duty owed to the general public. *Cox v. Department of Natural Resources,* 699 S.W.2d 443, 449 (Mo.App.1985). The creation of a municipal fire department is for the benefit of the public. *Heller v. Mayor of Sedalia,* 53 Mo. 159, 161 (1873). Thus, no cause of action exists for an alleged breach of duty to the entire community. *Christine H. v. Derby Liquor Store, supra,* 703 S.W.2d at 89. Therefore, the reason the City is sheltered from plaintiffs' action rests not with the doctrine of sovereign immunity but with the absence of a legal duty toward the plaintiffs. *Berger v. City of University City,* 676 S.W.2d 39, 42 (Mo.App.1984). It is inconceivable that § 71.185 attempts to create a new legal duty inuring to the benefit of particular individuals like plaintiffs who bring suit against public officers.

Plaintiffs additionally argue that when the Fire Fighting Association undertook to fight the fire on plaintiffs' property, a "special duty" to the plaintiffs arose. Like the Eastern District, this court declines to judicially adopt a "special duty" exception that has not been recognized by Missouri decisions. *Christine H. v. Derby Liquor Store, supra,* 703 S.W.2d at 89; *Berger v. City of University City, supra,* 676 S.W.2d at 41.

Finally, plaintiffs erroneously allege that the dismissal of their petition violates Article I, Section 14 of the Missouri Constitution in that it denies them the guarantee "that the courts of justice shall be open to every person and certain remedy afforded for every injury to person, property or character ...." Unless plaintiffs assert a claim against defendants which is *recognized by law,* this constitutional provision carries no weight; it does not create rights but helps citizens enforce those rights recognized by law. *Horner v. David Distributing Co.,* 599 S.W.2d 100, 102 (Mo.App. 1980).

Judgment affirmed.

All concur.

**2.** Section 71.185 states, in part:

1. Any municipality engaged in the exercise of governmental functions may carry liability insurance and pay the premiums therefor to insure such municipality and their employees against claims or causes of action for property damage or personal injuries, including death, caused while in the exercise of the governmental functions, and shall be liable as in other cases of torts for property damage and personal injuries including death suffered by third persons while the municipality is engaged in the exercise of the governmental functions to the extent of the insurance so carried.