**Betty SCHUTTE, et al.,
Plaintiffs-Appellants,**

v.

**Robert SITTON and City of Hermann, Missouri, Defendants-Respondents.**

No. 51688.

Missouri Court of Appeals,
Eastern District,
Division One.

April 14, 1987.

Transfer Denied May 12, 1987.

Thomas C. Hullverson, St. Louis, Gael Davis Wood, Washington, for plaintiffs-appellants.

Sam P. Rynearson, St. Louis, for defendants-respondents.

KELLY, Judge.

Betty Schutte and Kim Ward appeal from the judgment of the trial court dismissing appellants' wrongful death action against respondents City of Hermann and Robert Sitton, a police officer for the City of Hermann, for failure to state a claim upon which relief can be granted. Rule 55.27(a)(6). The judgment of the trial court is affirmed.

In determining whether plaintiffs have stated a cause of action we assume every pleaded fact as true and take every favorable inference which may be reasonably drawn from the facts pleaded. *Buller v. Pulitzer Pub. Co.*, 684 S.W.2d 473, 476[1] (Mo.App.1984). Appellants' petition alleges the following facts.

At approximately 9:00 p.m. on November 18, 1982, appellant Betty Schutte and her husband, Eugene A. Schutte, were driving their vehicle southbound on Missouri State Highway 19 in Montgomery County, Missouri. At the same time and place, James E. Hall, while in an intoxicated condition, drove his vehicle across the center line of Highway 19 and negligently struck their automobile. The accident resulted in Eugene Schutte's death.

Shortly before the accident, James E. Hall had been present at Imo's Pizza in Hermann, Missouri. Respondent Officer Sitton, a police officer employed by the City of Hermann, was summoned to Imo's Pizza because of a disturbance caused by Hall. Sitton conversed with Hall and permitted him to leave in his own vehicle knowing or having reason to know that he was intoxicated and unable to drive.

Sitton's failure to arrest Hall or prevent Hall from driving while intoxicated was alleged to be the proximate cause of the injury and death of Eugene Schutte. Appellants contend that the City of Hermann is liable under the doctrine of respondeat superior, because Sitton was acting within the scope and course of his employment by the City of Hermann when he failed to arrest or detain Hall; therefore, the City is liable for the negligence of its employee.

Respondents, in their individual motions to dismiss the wrongful death action subsequently filed against them by appellants, asserted different grounds. Respondent City alleged that the doctrine of sovereign immunity precluded its liability. Respondent Sitton's motion sought refuge from liability under the blanket of official immunity. Respondents' recourse to these common law shields were properly upheld.

■ We first address plaintiffs' claim that respondent Sitton was negligent in failing to prevent Hall from operating his automobile while in an intoxicated condition. In order for plaintiffs to recover under Missouri law for negligence, they must show a duty to them was breached. *Parker v. Sherman*, 456 S.W.2d 577, 580[8] (Mo.1970). *See also Nelson v. Freeman*, 537 F.Supp. 602, 607 (8th Cir.1983) *aff'd, Nelson v. Missouri Div. of Family Serv.*, 706 F.2d 276 (8th Cir.1983). In failing to arrest Hall or prevent him from driving while allegedly intoxicated, Sitton was performing his duties as a police officer for the City of Hermann. Missouri cases have consistently held that under the doctrine of official immunity, public officers are not liable for injuries or damages sustained by particular individuals resulting from breach by the officers of a duty owed to the general public. *Lawhon v. City of Smithville*, 715 S.W.2d 300, 302[1] (Mo.App.1986); *Cox v. Department of Natural Resources*, 699 S.W.2d 443, 449[7] (Mo.App.1985); *Jamierson v. Dale*, 670 S.W.2d 195, 196[1] (Mo.App.1984).

> Under the official immunity test, one must determine whether a particular act is discretionary, i.e., requiring the official to exercise his judgment as part of a decision-making process, or ministerial, i.e., required to be performed without the exercise of judgment. An official is immune from liability for torts arising out of a discretionary act but he is subject to liability for negligently performing ministerial acts.
>
> *Oberkramer v. City of Ellisville*, 650 S.W.2d 286, 295[9] (Mo.App.1983).

Thus, the issue in the present case, then, is whether the conduct of Sitton sought to be redressed by plaintiffs' petition was so cloaked with official discretion that plaintiffs may not recover as a matter of law.

Respondents rely on *Berger v. City of University City*, 676 S.W.2d 39 (Mo.App. 1984) and *Christine H. v. Derby Liquor Store*, 703 S.W.2d 87 (Mo.App.1985), to establish that plaintiffs' claim against Sitton is based upon his alleged failure to enforce the law, duties which a municipality and its employees owe to the general public but a breach of which is not actionable by a citizen.

In *Berger v. City of University City, supra*, 676 S.W.2d at 39, the court held that property owners and lessees had no cause of action against the City of University City, the city manager, police chief and police major in charge at the scene of a fire to provide police protection and hence the City and officers were not liable for any damage. The University City firefighters were engaged in an illegal strike when a fire started on a loading dock on property owned by plaintiffs. The striking firefighters prevented the neighboring firefighters from extinguishing the blaze through the use of threats of physical harm. Plaintiffs' building was completely destroyed. Plaintiffs' petition alleged that defendants failed to enforce the city ordinance and to provide police protection to the firemen from neighboring municipalities so that they could extinguish the fire. On appeal, the court stated, "Enforcement of the law and keeping of the peace are duties which a municipality and its employees owe to the general public but a breach of which is not actionable by a citizen." *Berger v. City of University City*, 676 S.W.2d at 41[1].

In *Christine H. v. Derby Liquor Store*, 703 S.W.2d 87, (Mo.App.1985), the plaintiff, a young woman, brought suit for damages against the City of Kirkwood, Lonnie Speer, a Kirkwood police officer and the Derby Liquor Store for personal injuries resulting from a sexual assault. The plaintiff alleged that she was on the parking lot of Derby Liquor Store, crying and being harassed by a group of black men and that Officer Speer observed the harassment. She further alleged that Speer had knowl-

edge of the prior criminal records of the black men, their violent and criminal propensities and refused to take any measures to warn appellant of the danger or further investigate the suspicious behavior of the black men. The trial court dismissed appellant's petition against the City of Kirkwood and Officer Speer. The court of appeals affirmed the holding of the trial court, and stated, "[t]hat Speer's actions were protected from liability by official immunity, which applies to acts of a police officer which are discretionary." The courts' decisions in *Berger* and *Christine H.* are persuasive authority for the conclusion that those charges of negligence leveled directly at Sitton pertained to conduct of a discretionary nature, entitling Sitton to claim immunity from liability by reason of the doctrine of official immunity. Another police officer might have chosen a different course of conduct, but on the facts presented, liability cannot be imposed upon Sitton. The duty to enforce the laws prohibiting drunk driving is a duty owed to the general public.

Appellants rely on *Rustici v. Weidemeyer*, 673 S.W.2d 762 (Mo. banc 1984), to establish that the arrest of a citizen by a peace officer is a ministerial act, and thus Officer Sitton's conduct in the present case is not protected by official immunity. The case is distinguishable from the case at bar, and in our opinion, not controlling here. In *Rustici*, the court limited its holding to arrests made by a police officer outside his jurisdiction for a violation of a municipal parking ordinance without a warrant. *Id.* at 765. The court concluded that such an arrest would not be valid unless the officer had a warrant in his possession. *Id.* at 771. Accordingly, an officer does not exercise discretion in determining whether he has a warrant in his possession prior to making an arrest. However, an officer *does* exercise discretion in determining whether to arrest or detain an individual in an intoxicated condition.

Appellants urge us to apply the "special duty" doctrine to the facts of this case. Appellants contend that when Sitton failed to arrest or detain Hall, a "special duty" to the plaintiffs and the other motorists arose.

The "special duty" exception, which has been adopted in other jurisdictions, has not been recognized by the Missouri courts. *Lawhon v. City of Smithville, supra,* 715 S.W.2d at 302[3]; *Christine H. v. Derby Liquor Store, supra,* 703 S.W.2d at 89[8]; *Berger v. City of University City, supra,* 676 S.W.2d at 41.

■ We hold that any duty Sitton may have had to prevent Hall from driving while intoxicated was a duty owed to the general public. Therefore, Sitton is not liable to appellants for any alleged breach of this duty.

This brings us to the question of whether the City of Hermann is liable to appellants for the conduct of Officer Sitton, under the doctrine of respondeat superior. Respondent City alleged that the doctrine of sovereign immunity precluded its liability. However, based upon the facts of this case, we do not find it necessary to address the issue of sovereign immunity.

■ Under the doctrine of respondeat superior, since there is no ground for recovery for the alleged negligence of Officer Sitton, there is also no ground for recovery against his employer, the City of Hermann. *See, Williams v. Venture Stores, Inc.,* 673 S.W.2d 480, 483[2] (Mo.App.1984); *Cacioppo v. Kansas City Public Co.,* 234 S.W.2d 799, 803[14] (Mo.App.1950).

We conclude that as a matter of law, Sitton's actions in failing to arrest or detain Hall were discretionary, and that Sitton's actions were protected from liability by official immunity. Thus, under the doctrine of respondeat superior, appellants cannot prevail against the City of Hermann. *Christine H. v. Derby Liquor Store,* 703 S.W.2d 87 (Mo.App.1985).

The judgment of the trial court is affirmed.

SATZ, P.J., and CRIST, J., concur.