Christine E. JACKSON, and Douglas Jackson, Plaintiffs/Appellants,

v.

CITY OF WENTZVILLE, Missouri and Officer Tom Caraway, Defendants/Respondents.

No. 62249.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 12, 1993.

Eric M. Martin, Valley Park, for plaintiffs/appellants.

Robert J. Krehbiel, Evans & Dixon, St. Louis, for defendants/respondents.

REINHARD, Judge.

Plaintiffs appeal the order of the trial court dismissing their petition against the City of Wentzville and one of its police officers, for failure to state a cause of action. We affirm.

In determining whether plaintiffs have stated a cause of action, we accept every pleaded fact as true and take every favorable inference which may be reasonably drawn from the facts pleaded. *Schutte v. Sitton*, 729 S.W.2d 208, 209 (Mo.App.1987).

Plaintiffs premise their recovery on the theory of negligent entrustment. Their petition alleged that the police officer, while on duty, observed Damian Lares driving erratically, pulled him over, and administered field sobriety and chemical breath analysis tests. The officer impounded Mr. Lares' vehicle and later returned it to him;

Mr. Lares subsequently drove the vehicle, crossed the center line, and collided with a vehicle driven by one of the plaintiffs, causing her injuries. Plaintiffs alleged that the officer knew or should have known that Mr. Lares was intoxicated and likely to drive his vehicle if it was released to him, which presented an unreasonable risk of harm "to the public" if he did so. They further alleged that as direct result of the officer's negligence the plaintiffs suffered their injuries.[1]

Defendants filed a Motion to Dismiss, contending that plaintiffs' claims were barred by the public duty doctrine and the doctrines of official and sovereign immunity. The trial court sustained defendants' motion.

"The threshold requirement to establish tort liability in this negligence action is the existence of a 'legal duty on the part of defendant[s] to conform to a certain standard of conduct to protect others against risks.'" *GWT-PAT, Inc. v. Mehlville Fire Protection Dist.*, 801 S.W.2d 798, 800 (Mo. App.1991) (quoting *Lawhon v. City of Smithville*, 715 S.W.2d 300, 302 (Mo.App. 1986) (quoting *Hoover's Dairy, Inc. v. Mid-America Dairymen*, 700 S.W.2d 426, 431 (Mo. banc 1985))).

Defendants' motion to dismiss was predicated upon their contentions that they are shielded from liability by the doctrine of official immunity, and that under the public duty doctrine, they owed no legal duty which could be particularized to these plaintiffs. These two distinct, but somewhat related, doctrines are firmly established in Missouri law. *Green v. Denison*, 738 S.W.2d 861, 865 (Mo. banc 1987). The official immunity doctrine "provides that 'public officers acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity.'" *State ex rel. Barthelette v. Sanders*, 756 S.W.2d 536, 537 (Mo. banc 1988) (quoting *Kanagawa v. State By and*

---

1. Count I of the petition sought damages on behalf of plaintiff Christine Jackson, the driver of the car; in Count II, her husband, Douglas Jackson, sought recovery for loss of consortium.

*Through Freeman,* 685 S.W.2d 831, 835 (Mo. banc 1985)).

■ The public duty doctrine holds that "a public employee may not be held civilly liable for breach of a duty owed to the general public, as distinguished from a duty owed to particular individuals." *Green,* 738 S.W.2d at 866. "Thus, breach of a duty owed by a public official only to the general public will support no cause of action brought by an individual who is injured thereby.... Moreover, courts are reluctant to find an implied right to a civil action in a statute that fails expressly to refer to civil liability." *Norton v. Smith,* 782 S.W.2d 775, 777 (Mo.App.1989).[2]

■ Missouri courts have consistently held that any duty held by a police officer to prevent an intoxicated person from driving while intoxicated is a duty owed to the general public. *Schutte,* 729 S.W.2d at 211; *Spotts v. City of Kansas City,* 728 S.W.2d 242, 248 (Mo.App.1987).[3]

In *Schutte,* plaintiffs brought a wrongful death action against a police officer and his employer, the City of Hermann, following the death of plaintiffs' decedent in an automobile collision with a drunk driver. Plaintiffs alleged that the intoxicated driver had been interrogated by the police officer shortly before the accident, and the police officer had negligently failed to arrest or prevent him from driving while intoxicated. *Schutte,* 729 S.W.2d at 209.

On appeal, we affirmed the trial court's dismissal of plaintiffs' petition for failure to state a claim, holding that because "any duty [the police officer] may have had to prevent [driver] from driving while intoxicated was a duty owed to the general public", and because the officer's acts were discretionary, plaintiffs' cause of action

was barred under the public duty doctrine and official immunity. *Schutte,* 729 S.W.2d at 210–11.

In *Spotts,* the court held that defendant highway patrolman was not liable to plaintiffs for damages arising out of a collision where the car in which one plaintiff was a passenger was rear-ended by a drunk driver. Plaintiffs alleged, *inter alia,* that the highway patrolman negligently failed to arrest the driver at the time he issued him a citation for driving with expired license plates, approximately fifteen minutes before the accident. *Spotts,* 728 S.W.2d at 245. The court held that the highway patrolman was not liable to plaintiffs, and stated that "any duty that [the highway patrolman] may have had to prevent [driver] from driving while intoxicated was a duty owed to the general public." *Spotts,* 728 S.W.2d at 248.

On appeal, plaintiffs assert that the trial court erred in dismissing their petition because the public duty doctrine and the doctrine of official immunity do not apply to their cause of action brought under a negligent entrustment theory. While they fully acknowledge that the public duty doctrine is still accepted in Missouri, plaintiffs contend "that the public duty doctrine is simply not applicable for common law torts brought under § 537.600(1)."[4] However, "[t]he abrogation of sovereign immunity [pursuant to § 537.600] in no way impliedly abrogated the public duty doctrine." *Beaver v. Gosney,* 825 S.W.2d 870, 873 (Mo. App.1992).

■ Plaintiffs attempt to distinguish *Schutte* and *Spotts* by couching their claim of negligence under the negligent entrustment theory. This theory, which imposes liability upon one who entrusts his automobile to a driver he knows or has reason to

2. While some states recognize a "special duty" exception to the public duty doctrine, Missouri courts have repeatedly rejected this exception. *GWT–PAT, Inc.,* 801 S.W.2d at 800–01. Other states have abolished the public duty doctrine altogether. *See* Annotation, Modern Status of Rule Excusing Governmental Unit from Tort Liability on Theory that only General, not Particular, Duty was Owed under Circumstances, 38 A.L.R.4th 1194 (1985).

3. This position has also been adopted by courts in other jurisdictions. *See* Annotation, Failure to Restrain Drunk Driver as Ground of Liability of State or Local Government Unit or Officer, 48 A.L.R.4th 320 (1986).

4. Because of our disposition of this case under the public duty doctrine, we do not address whether plaintiffs' petition falls within the statutory waiver of immunity pursuant to § 537.600.

know is incompetent, has long been recognized by Missouri courts. *See Evans v. Allen Auto Rental and Truck Leasing, Inc.*, 555 S.W.2d 325 (Mo. banc 1977).

To support their argument, plaintiffs principally rely on *Ransom v. City of Garden City*, 113 Idaho 202, 743 P.2d 70 (1987), where, under facts somewhat similar to the case at bar, a divided Idaho Supreme Court reversed the entry of summary judgment in favor of defendants, a police officer and his municipal employer, because the discretionary function exception of the Idaho Tort Claims Act did not shield them from liability for negligent entrustment under Idaho state law. *Ransom*, 743 P.2d at 76.[5]

In *Ransom*, a police officer stopped a vehicle and arrested its driver for driving under the influence. The officer concluded that the lone passenger in the vehicle was also intoxicated and declared that he would not be permitted to drive the vehicle. After the passenger was unable to contact friends to retrieve him and the automobile, the officer removed the vehicle from the roadway to a nearby parking lot and gave the keys to the passenger, instructing him not to drive but to continue to call friends for assistance. The officer then departed with the driver in custody. The passenger subsequently drove the vehicle in the wrong direction on a one-way boulevard and collided with plaintiffs, who brought suit against the city. *Ransom*, 743 P.2d at 71.

In the case at bar, plaintiffs cite the *Ransom* court's holding that a municipality may be held liable under the tort of negligent entrustment pursuant to the Idaho Tort Claims Act as support for their proposition that a similar holding must follow in Missouri. However, the abrogation of sovereign immunity under the Idaho statute is more comprehensive than that conferred by the Missouri legislature. In *Ransom*, the Idaho court found that since the discretionary function exception did not apply:[6]

Garden City [would] be liable if the acts of the officer, though authorized by statute were performed without ordinary care. I.C. §§ 6–903(a) and 6–904(1). Ordinary care presupposes the existence of a legal duty. Liability may only attach 'where [Garden City] if a private person or entity would be liable for money damages under the laws of the state of Idaho.' I.C. § 6–903(a).

*Ransom*, 743 P.2d at 74.

Under Missouri law, "[t]he public duty doctrine recognizes that public officers normally owe a duty only to the general public, not to individuals. Thus, a breach of a duty owed by a public official only to the general public will support no cause of action brought by an individual who is injured thereby." *Norton*, 782 S.W.2d at 777. The mere establishment of the existence of a general common law duty, not particularized to individual plaintiffs, while perhaps sufficient to create governmental liability under Idaho law, remains insufficient to impose liability upon public officers in Missouri. *See Sherrill v. Wilson*, 653 S.W.2d 661, 668 (Mo. banc 1983). While "[i]t would probably not be difficult in many cases to make a case for the jury as to the foreseeability of the injury, ... this is not sufficient to establish a duty to the public at large." *Id.*

We note that plaintiffs' petition does not aver a breach of a statutory duty, nor have plaintiffs alleged that defendants acted in bad faith or with malice. *See State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443 (Mo. banc 1986). In this troubling case, we find nothing in plaintiffs' petition which would remove it from the long established public duty doctrine. As Judge Blackmar indicated in *Green*, the public duty doctrine has been recognized and perpetuated in Missouri as a matter of public policy. *Green*, 738 S.W.2d at 866. It applies here.

We hold that any duty the police officer may have had to not release Mr. Lares' car to him was a duty owed to the

---

5. Plaintiffs' counsel acknowledged in oral argument that plaintiffs' petition was based upon this Idaho case.

6. Because of our disposition of this case under the public duty doctrine, we do not address whether the officer's release of the car to Mr. Lares was a discretionary or ministerial act.

general public. Therefore, the officer is not liable to plaintiffs for any alleged breach of that duty.

■ Under the doctrine of respondeat superior, since there is no ground for recovery due to the alleged negligence of the police officer, there is also no ground for recovery against his employer, the City of Wentzville. *Schutte*, 729 S.W.2d at 211. Plaintiffs' petition was properly dismissed.

Judgment affirmed.

AHRENS, P.J., and CRIST, J., concur.