IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1997 SESSION



FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JIMMY D. DILLINGHAM, | ) | |
| | ) | C.C.A. No.  03C01-9702-CR-00048 |
| Appellant, | ) | |
| | ) | Unicoi County |
| V. | ) | |
| | ) | Honorable Lynn W. Brown, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

Douglas K. Shults
Shults & Shults
111 Gay Street
P.O. Box 129
Erwin, TN 37650

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

David E. Crockett
District Attorney General

Lisa Nidiffer Rice
Assistant District Attorney General
Unicoi County Courthouse
Erwin, TN 37650

OPINION FILED: _____

AFFIRMED

PAUL G. SUMMERS,
Judge

**O P I N I O N**

The appellant, Jimmy D. Dillingham, was convicted on October 23, 1989, of attempted bank robbery. On October 31, 1989, he was sentenced to forty years in the Tennessee Department of Correction. After unsuccessfully appealing his conviction, he filed a petition seeking post-conviction relief. In his petition he alleged that the trial court erred in sentencing him under the Sentencing Reform Act of 1982.[1] After hearing arguments from counsel and reviewing the record, the trial court summarily dismissed the petition. The appellant challenges this dismissal.

The appellant contends that if he had been sentenced under the Sentencing Reform Act of 1989, the maximum sentence he could have received was fifteen years. He claims that if the trial judge had followed normal scheduling procedures when setting the date for his sentencing hearing, he would have fallen under the 1989 Act. Furthermore, he argues that the trial judge violated Tenn. Code Ann. § 40-35-208, which mandates the sentencing hearing to be scheduled at least [ten] days after the parties receive the presentence report.[2] The appellant alleges that he received the presentence report one day before the sentencing hearing.

The record before us does not contain the sentencing hearing transcript. Without this part of the record, we are unable to consider appellant's allegation

---

[1] The appellant was sentenced under the Sentencing Reform Act of 1982. He claims that he should have been sentenced under the Sentencing Reform Act of 1989. Under the new Act, the maximum sentence he could have received for his crime and classification was 15 years.

[2] In their respective briefs, both the petitioner and the state cite Code section 40-35-208 for the proposition that the sentencing hearing must be held at least ten days after the parties receive the presentence report. We note, however, the former version of section 40-35-208 under which the petitioner was sentenced allowed for the sentencing hearing to be held five days after the presentence report was made available to the parties. See Tenn. Code Ann. § 40-35-208 (1982) (repealed 1989). As a further aside, both the present and former versions of 40-35-208 permit the parties, with the consent of the court, to waive the otherwise required time period between the presentence report being made available to the parties and the sentencing hearing. See Tenn. Code Ann. § 40-35-208 (1997); Tenn. Code Ann. § 40-35-208 (1982) (repealed 1989).

of a violation of Tenn. Code Ann. § 40-35-208.  It is incumbent upon the appellant to prepare a record that includes all material necessary for disposition of his appeal. Tenn. R. App. P. 24(b) & (c); <u>State v. Beech</u>, 844 S.W.2d 585, 588 (Tenn. Crim. App. 1987).  Failing to do so results in a waiver of this subissue. Tenn. R. Ct. Crim. App., Rule 10(b).

It is uncontested that the appellant committed the crime, was convicted, and sentenced before November 1, 1989.  The Sentencing Reform Act of 1989 states that this chapter is applicable to "[a]ll persons who commit crimes on or after November 1, 1989."  Tenn. Code Ann. § 40-35-117(a) (1990).  The trial court correctly sentenced the appellant under the law in effect at the time of sentencing.  This issue is without merit.  The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

-3-

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
J. CURWOOD WITT, Jr. Judge