Merle Eugene PARKER, Appellant,

v.

Chancey SHERMAN, Respondent.

No. 54471.

Supreme Court of Missouri,
Division No. 2.

June 8, 1970.

Merle Eugene Parker, pro se.

Quentin Haden, Ava, for respondent.

GEORGE E. SCHAAF, Special Judge.

■ This appeal is by plaintiff, pro se, whose petition was dismissed for failure to state a cause of action. The order of dismissal, although it did not specify whether with or without prejudice, was with prejudice and appealable. Supreme Court Rule 67.03, V.A.M.R., and White v. Sievers, 359 Mo. 145, 221 S.W.2d 118.

Plaintiff's petition alleges that he is a taxpayer of Douglas County; that defendant is the elected sheriff thereof; that during four days of August 1968 the owners and operators of a carnival conducted games of chance openly and publicly at the Douglas County Fair; that defendant knew or should have known it was against the law; that defendant knew or could have found out that people under twenty-one were participating in said games of chance; that defendant did not prohibit the operation of said games or arrest those who were operating same; that defendant was thereby derelict in his duty and did immeasurable harm to the moral tone of the community; and that since he (plaintiff) has substantial investments in Douglas County, he has been damaged in the sum of $25,000 actual and $25,000 punitive damages.

A companion case, involving the same facts, by plaintiff against the owners and operators of the carnival was ruled adversely to him by this Court on November 10, 1969. See Parker v. Lowery et al., Mo. Sup., 446 S.W.2d 593.

■ In deciding whether the petition states a cause of action, the Court must assume as true all the facts well pleaded therein and give plaintiff the benefit of every favorable inference to be reasonably drawn from the facts pleaded. Martin v. Ficklin, 240 Mo.App. 1225, 227 S.W.2d 69, 76(1–7); Hammond v. City of El Dorado Springs, 362 Mo. 530, 242 S.W.2d

479, 481(1). Applying this rule, the Court holds the trial judge properly dismissed plaintiff's petition because it did not state a cause of action.

■ Plaintiff alleges gambling devices were used at the Douglas County Fair. Section 563.370, RSMo 1959, V.A.M.S., declares it to be a felony for anyone to keep any gambling device and to induce or entice others to play at any such game or device. We have assumed, for the purpose of this opinion, that the allegation was true. Nevertheless, this statute does not create an individual cause of action. It is a criminal statute, the violation of which is a felony. Its passage was for the benefit of the general public. Ingo v. Koch et al., C.C.A., 2nd Cir., 127 F.2d 667, 677(9); Parker v. Lowery, supra. Furthermore, plaintiff does not show that some special, individual right of his own was violated.

■ The sheriff, as a conservator of the peace, has the duty to arrest felons. Blackstone, in 1 Com. 343, cites some of the duties of a sheriff: "He may, and is bound *ex officio* to, pursue and take all traitors, murderers, felons, and other misdoers, and commit them to gaol for safe custody. He is also to defend his county against any of the king's enemies when they come into the land: and for this purpose, as well as for keeping the peace and pursuing felons, he may command all the people of the county to attend him; * * *."

Our own statute, § 57.100, RSMo 1959, V.A.M.S., makes similar provision. It says: "Every sheriff shall quell and suppress assaults and batteries, riots, routs, affrays and insurrections; shall apprehend and commit to jail all felons and traitors, and execute all process directed to him by legal authority, including writs of replevin, attachments and final process issued by magistrates."

A sheriff shall forfeit his office for his failure "to devote his time to the performance of the duties of such office, or who shall be guilty of any willful or fraudulent

violation or neglect of any official duty, or who shall knowingly or willfully fail or refuse to do or perform any official act or duty which by law it is his duty to do or perform with respect to the execution or enforcement of the criminal laws of the state * * *." Section 106.220, RSMo 1959, V.A.M.S.

The following sections, 106.230 to 106.290, provide that in a civil proceeding, the prosecuting attorney shall file the complaint in the circuit court and judgment can be rendered removing the sheriff (and certain other public officials) from office. The defending sheriff or other official has the right to a trial by jury. Removal by this method is a public proceeding and not by a private individual who believes himself specially injured. It is not, however, the exclusive method used to remove an officer who has forfeited his office for neglect of duty.

■ The Attorney General can bring an ouster suit in Quo Warranto directly in the Supreme Court. In State on inf. of McKittrick v. Williams, 346 Mo. 1003, En Banc, 144 S.W.2d 98, the Sheriff of Jackson County was ousted from office for failure to enforce the liquor, vice and gambling laws, and in State ex inf. Dalton v. Mosley, 365 Mo. 711, En Banc, 286 S.W.2d 721, the Sheriff of St. Louis County was ousted from office because of a lax policy toward gambling.

In the Williams case, supra, the Court stated, 144 S.W.2d at page 104, that the sheriff had a duty to be alert with respect to possible violations of the criminal laws of the State and must use some diligence in ferreting out crime.

This latter proceeding is also a public prosecution to protect the public interest if an official does not perform the duties imposed upon him by law. Thus, the public is not without remedies.

Plaintiff has cited no cases, nor has this Court found any, which would uphold his theory of liability, which appears to be, that

it is his duty to bring the sheriff to account in damages, and to uphold the moral tone of the community. He has not alleged any actionable injury to himself or his property or that the sheriff failed to perform some duty which the sheriff owed to him individually. He cannot invoke the criminal law in an attempt to appoint himself as a guardian of the morals of Douglas County.

In 1856, the Supreme Court of the United States in South v. Maryland, 18 How. 396, 59 U.S. 396, 15 L.Ed. 433, held that plaintiff had failed to state a cause of action against the sheriff where it was alleged that plaintiff had been held by certain evildoers for four days and until he paid a ransom of $2500, while the sheriff stood idly by and failed to enforce the peace of the State of Maryland. The Court held plaintiff had alleged no specific individual right withheld by the sheriff, nor had the sheriff been charged with any misfeasance or non-feasance in his ministerial capacity in the execution of any process in which the plaintiff was concerned.

■ This case has been cited in many jurisdictions for the proposition that a private individual does not have a cause of action against a sheriff for his default as a conservator of the peace. The Supreme Court of the United States said: "As conservator of the peace in his county or bailiwick, he is the representative of the king, or sovereign power of the State for that purpose. * * *. He may upon view, without writ or process, commit to prison all persons who break the peace or attempt to break it, he may award process of the peace, and bind any one in recognizance to keep it. He is bound, *ex officio*, to pursue and take all traitors, murderers, felons, and other misdoers, and commit them to jail for safe custody. * * *.

"It is an undisputed principle of the common law, that for a breach of a public duty, an officer is punishable by indictment; but where he acts ministerially, and is bound to render certain services to individuals, for a compensation in fees or

salary, he is liable for acts of misfeasance or non-feasance to the party who is injured by them.

\* \* \* \* \* \*

" \* \* \* Actions against the sheriff for a breach of his ministerial duties in the execution of process are to be found in almost every book of reports. But no instance can be found where a civil action has been sustained against him for his default or misbehavior as conservator of the peace, by those who have suffered injury to their property or persons through the violence of mobs, riots, or insurrections."

This decision has been cited with approval in the following cases: Leger v. Kelley et al., 142 Conn. 585, 116 A.2d 429, wherein it was held that where a commissioner of motor vehicles accepted registration of an automobile without safety glass in violation of a statute, he violated his ministerial duty, but the statute had created a duty to the general public only and not to the individual plaintiff who was injured by breakage of the glass; Jacobson v. McMillan et al., 64 Idaho 351, 132 P.2d 773, where the sheriff was held not liable for permitting an inmate charged with assault to escape from a psychiatric hospital, and then return and shoot certain persons. The Idaho court points out that if the sheriff violated his official duty he was answerable to the public but the right does not inure to individuals; and Annala et ux. v. McLeod et al., 122 Mont. 498, 206 P.2d 811, wherein it was held that the sheriff was not liable to a person whose property was destroyed by a mob. (The statutory duties of a Montana sheriff are similar to those of a Missouri sheriff.) The Supreme Court of Montana said at page 813: "In the United States it would appear that the duties of sheriff are substantially the same as they were at common law. He was and is the conservator of the public peace and not liable for an injury to the person or property of an individual occasioned from riotous assembly or mob, unless made so by Constitution or statute."

See also Finnish Workers Federation v. Horrocks, D.C.Wash., 42 F.Supp. 411 and Tomlinson v. Pierce, 178 Cal.App.2d 112, 2 Cal.Rptr. 700, where similar results were reached.

▮ The keeping of the peace is a duty a sheriff owes to the general public but a breach thereof is not actionable by a citizen who has shown no particular individual right violated by such failure. Ingo v. Koch, supra. But from what has been said hereinabove, we know that a sheriff is accountable in some sort of public prosecution for failure to perform his statutory duties to the public.

Many years ago, this Court in State v. Francis, 95 Mo. 44, 8 S.W. 1, held that mandamus would not lie to compel a sheriff to arrest certain persons who were alleged to have violated the Sunday liquor laws in St. Louis.

The Court said the sheriff was the conservator of the peace; that it was his duty to cause offenders of the peace to enter into recognizance; and that it was also his duty to quell all assaults and batteries and to apprehend and commit to jail all felons and traitors. The Court continued, 8 S.W. at page 6: "And yet it is believed that no instance can be found where a *mandamus* has issued commanding a sheriff to quell a riot or to arrest a criminal. The fact that no such precedent can be found argues very strongly against the exercise of such authority."

Sheriffs should and must enforce the criminal laws of this State. If they fail to do so they can be removed from office by one of the methods heretofore mentioned. However, this Court cannot recognize a civil cause of action to cover a sheriff's failure to enforce the gambling statute when it does not so provide. If a sheriff were liable to every citizen who believed the sheriff was not maintaining the peace and enforcing the criminal laws of this State, chaos would exist. Sheriffs would be subject to civil law suits by any citizen

who perceived himself injured because it was his personal opinion the sheriff was not performing his duty. We cannot adopt such a theory of law and although plaintiff, pro se, has attempted to persuade us to do so, we are of the opinion that he has no cause of action and the trial judge properly dismissed his petition.

The judgment of dismissal is affirmed.

DONNELLY, P. J., and FINCH, J., concur.

MORGAN, J., not sitting.