706 F.2d 276
 Amy NELSON, By her next friend, Robert J. WHARTON; Frank
Nelson, by his next friend, Robert J. Wharton;
Mike Nelson, by his next friend, Robert
J. Wharton; and James A.
Nelson, Appellants,
v.
MISSOURI DIVISION OF FAMILY SERVICES, David R. Freeman,
individually and as State Director; J. Joseph Lewis,
individually and as director of the Jackson County Office;
Anita Donaldson, individually and as an investigator for the
Jackson County Office; Ertha Keatings, individually and as
an investigator for the Jackson County Office; Dinah White,
individually and as an investigator for the Jackson County
Office, Appellees,
Audrey Nelson; Theodore O. Gulley; John Doe, Number One;
John Doe, Number Two; John Doe, Number Three.
 No. 82-1898.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 12, 1983.
Decided May 16, 1983.
 
 John Ashcroft, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, Mo., for appellees.
 John E. McKay, Kansas City, Mo., for appellants.
 Before ARNOLD and BENNETT,* Circuit Judges, and HENLEY, Senior Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Plaintiffs appeal the judgment of the district court[1] granting defendants'-appellees' motion for summary judgment. We affirm.
 
 
 2
 The complaint seeking damages in this diversity case alleges that appellees, various officials and employees of the Missouri Division of Family Services (DFS), failed to investigate adequately reports that the Nelson children were being sexually abused by their mother and certain men, and that as a result of defendants' negligence, the children continued to suffer abuse, ultimately leading to the death of eight-year-old Tammy Nelson. The plaintiffs are Tammy's surviving siblings and her natural father who at the time of the alleged sexual abuses was not living with the mother and children.
 
 
 3
 Pursuant to Mo.Ann.Stat. Sec. 210.145, DFS operates a "hotline" through which persons can report known or suspected instances of child abuse. Upon receiving a hotline report, DFS is required to conduct a "thorough investigation" within twenty-four hours. Id. DFS allegedly received several hotline calls concerning the Nelson children, but it appears that only two were investigated, one in November, 1978, and the second in May, 1979. The callers in both instances identified the Nelson children and gave information as to the nature of the alleged abuse and the names of witnesses.[2] Plaintiffs assert, however, that the investigators failed to conduct a thorough investigation as required by the statute. Both investigations basically consisted of a brief interview of Audrey Nelson and a brief interview of the children, possibly within hearing distance of Audrey. The children, as well as Audrey, denied the allegations of the callers. At least one witness testified that children often deny, especially in the presence of the abuser, that they are being abused. The investigators seem not to have interviewed the children individually or apart from their mother; nor did they interview possible witnesses or request physical examinations for the children.
 
 
 4
 The state defendants filed a motion for summary judgment on the grounds of immunity and failure to state a claim upon which relief can be granted. The district court did not address the issue of immunity but granted the motion on the ground that the defendants, as officials and employees of DFS, owed no duty to plaintiffs, a fundamental prerequisite to establishing negligence.[3] Dix v. Motor Market, Inc., 540 S.W.2d 927, 932 (Mo.App.1976), citing Vanacek v. St. Louis Public Service Co., 358 S.W.2d 808 (Mo.1962) (en banc). This conclusion was based primarily on Parker v. Sherman, 456 S.W.2d 577 (Mo.1970), in which the Missouri Supreme Court held that a public official is liable to an individual for failure to perform a statutory duty only if the statute creates a duty to the individual as opposed to a duty to the general public. The court in Parker concluded that the statutes prohibiting gambling and requiring the sheriff to enforce the law did not create a duty to the individual plaintiff who claimed that the sheriff's failure to enforce the gambling law caused damage to certain of plaintiff's investments.
 
 
 5
 Appellants attempt to distinguish Parker on the ground that the gambling statute in that case was a criminal statute intended to benefit the general public, whereas the civil statute in the present case is intended primarily to benefit a special class, abused children. See generally, Krause, Child Abuse and Neglect Reporting Legislation in Missouri, 42 Mo.L.Rev. 207 (1977). On this basis, appellants urge this court to conclude that the statute requiring DFS to conduct a thorough investigation within twenty-four hours of a hotline call creates a duty to the children who are reportedly abused.
 
 
 6
 Although we think that appellants' distinction between Parker and the present case is not without some merit, see Oleszczuk v. State, 124 Ariz. 373, 604 P.2d 637, 640 (Ariz.1979) (en banc) (distinguishing general law enforcement duties of police officers from specific duty created by statute prohibiting issuance of driver's license to persons with known history of psychomotor seizures),[4] we note that at least one case relied on by the Missouri Supreme Court in Parker involved a civil statute. In Leger v. Kelley, 142 Conn. 585, 116 A.2d 429 (Conn.1955), the Connecticut Supreme Court concluded that a statute prohibiting registration of cars without safety glass did not create a duty to the individual plaintiff who was injured by windshield fragments in an accident involving a registered car without safety glass.
 
 
 7
 Furthermore, we are guided by the principle that the interpretation of state law by a district judge sitting in that forum is entitled to substantial deference in the absence of controlling state precedent. Renfroe v. Eli Lilly & Co., 686 F.2d 642, 648 (8th Cir.1982). Although appellants rely on several cases in other jurisdictions wherein the courts found a specific duty to individual plaintiffs in circumstances arguably analogous to the present case, see, e.g., Oleszczuk v. State, supra; Halvorson v. Dahl, 89 Wash.2d 673, 574 P.2d 1190 (Wash.1978); Adams v. State, 555 P.2d 235 (Alaska 1976); Bronaugh v. Murray, 294 Ky. 715, 172 S.W.2d 591 (Ky.1943), Parker is the only case of which this court is aware wherein the Missouri Supreme Court has addressed the issue of the public duty rule. Because we do not consider the district court's decision contrary to the principles set forth in Parker, we decline to reverse.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The Honorable John W. Oliver, United States Senior District Judge, Western District of Missouri
 
 
 [2]
 Appellants allege that the callers informed DFS that Tammy Nelson was being sold by her mother to an older man for the purpose of having sex, and that Audrey Nelson, the children's mother, forced her children to watch her perform sex acts with various partners and perhaps forced them to participate
 
 
 [3]
 The original complaint included several defendants who were dismissed after the district court entered an order granting summary judgment to the state defendants. After the dismissal of these other defendants, final judgment was entered and this appeal followed
 
 
 [4]
 The court in Oleszczuk distinguished Massengill v. Yuma County, 104 Ariz. 518, 456 P.2d 376 (Ariz.1969), cited by the district court in the present case, as involving a general criminal statute