Benjamin and Sarah BERGER, and Plastic Bottle Corp., Appellants,

v.

The CITY OF UNIVERSITY CITY, Missouri, Col. James P. Damos, Chief of Police of University City, Mo., Victor Ellman, City Manager, City of University City, Mo., Major Stanley Topper and Captain Fred Mallon, Respondents.

No. 47829.

Missouri Court of Appeals, Eastern District, Division Four.

July 17, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Gail N. Gaus, Clayton, for appellants.

Kohn, Shands, Elbert, Gianoulakis & Giljum, Alan C. Kohn, Mark J. Bremer, Robert A. Useted, St. Louis, for respondents.

SMITH, Judge.

Plaintiffs appeal from the action of the trial court in dismissing their 20 count petition as to University City, and four employees of the city, Damos, Ellman, Topper and Mallon. Following dismissal of the defendants named above, trial was had against the two remaining defendants, Local 398 of the International Association of Fire Fighters and Richard Walker, its president. Judgment against those defendants in the total amount of $1,257,500 was entered. No appeal was taken from that judgment.

Our review is limited to the allegations of plaintiffs' petition directed against the five dismissed defendants. However, for an understanding of the issues presented it is necessary to set forth certain background information contained in the trial court's findings of fact entered after trial on the claims against the other defendants. In July 1977, fire fighters in University City were engaged in an illegal strike. Sec. 105.530, RSMo 1978. A fire started on a loading dock on property owned by the Bergers and leased by Plastic Bottle Corporation. The striking fire fighters arrived at the scene of the fire shortly after its commencement and began picketing. Firemen from surrounding municipalities arrived at the scene prepared to battle the fire at a time when it could have been extinguished with minimal property damage. The picketing fire fighters threatened the other firemen with physical harm if they attempted to extinguish the blaze. The neighboring firemen did not fight the

fire because of the threats of physical harm and the building was completely destroyed.

Plaintiffs in this action against the municipality and Damos, the police chief, Ellman, the city manager, and Topper, a police major in charge at the scene, alleged that these defendants failed to enforce the city ordinances and to provide police protection to the firemen from neighboring municipalities so they could extinguish the fire. It was alleged that such failure occurred despite the specific request of plaintiffs that police protection be provided. It was further alleged that the conduct of defendants was negligent, grossly negligent, intentional, wanton, and in conscious and utter disregard for the safety of plaintiffs' property. By amendment, plaintiffs also alleged that the conduct of the defendants was done under color of law to deprive plaintiffs of equal protection of the law guaranteed by the Fourteenth Amendment of the U.S. Constitution.

The allegations as to Mallon, the University City Fire Chief, also stated that he personally prevented the neighboring firemen from entering plaintiffs' premises and made threats of violence against them. No brief on behalf of Mallon was filed in this court.

The trial court correctly dismissed the counts of the petition directed against University City, Damos, Ellman, and Topper. Missouri cases have consistently held that public officers are not liable for injuries or damages sustained by particular individuals resulting from breach by the officers of a duty owed to the general public. *Sherrill v. Wilson*, 653 S.W.2d 661 (Mo. banc 1983); *Parker v. Sherman*, 456 S.W.2d 577 (Mo.1970); *Jamierson v. Dale*, 670 S.W.2d 195 (Mo.App.1984). These holdings are based on the absence of a duty to the particular individual as contrasted to the duty owed to the general public. The "public duty" rule represents the law of most jurisdictions in this country. See cases cited in *Sherrill v. Wilson, supra* and *Parker v. Sherman, supra; Biloon's Electrical Service, Inc. v. City of Wil-*mington, 417 A.2d 371 (Del.1980) [1]; *Fulenwider v. Firefighters Association Local Union 1784*, 649 S.W.2d 268 (Tenn.1982) [1]; *Robertson v. City of Topeka*, 231 Kan. 358, 644 P.2d 458 (1982) [5, 6] *Contra, Ryan v. State*, 134 Ariz. 308, 656 P.2d 597 (banc 1982). It applies equally to the governmental body for whom the public officers work. *Biloon's Electrical Service, Inc. v. City of Wilmington, supra; Fulenwider v. Firefighters Association Local Union 1784, supra; Liability of Municipality or Other Governmental Unit for Failure to Provide Police Protection*, 46 A.L.R.3d 1084.

Some jurisdictions have added a "special duty" exception whereby the police owe a special duty to an individual, as contrasted to the public at large if (1) the municipality is uniquely aware of the particular danger or risk to which the plaintiff is exposed; (2) there are allegations of specific acts or omissions on the part of the municipality; (3) the acts or omissions are either affirmative or willful in nature; and (4) the injury occurs while plaintiff is under the direct and immediate control of employees or agents of the municipality. *Marvin v. Chicago Transit Authority*, 113 Ill.App.3d 172, 68 Ill.Dec. 786, 446 N.E.2d 1183 (App. 1983) [4, 5]. The "special duty" exception normally will arise when police fail to protect an informant under circumstances where inaction serves to positively work an injury not merely to withhold a benefit. *Schuster v. City of New York*, 5 N.Y.2d 75, 180 N.Y.S.2d 265, 154 N.E.2d 534 (1958). The "special duty" exception has not been recognized by the Missouri decisions. Even were it available to plaintiffs it would not apply here because of the absence in the petition of requirements (2) and (4).

Enforcement of the law and keeping of the peace are duties which a municipality and its employees owe to the general public but a breach of which is not actionable by a citizen. *Parker v. Sherman, supra* [8]; *Lowery v. Kansas City*, 337 Mo. 47, 85 S.W.2d 104 (1935) [13]; *South v. Maryland*, 18 How. 396, 59 U.S. 396, 15 L.Ed. 433 (1856); *Annala v. McLeod*, 122

Mont. 498, 206 P.2d 811 (1949). So also with providing fire protection. *Heller v. Mayor, Alderman & Citizens of Sedalia,* 53 Mo. 159 (1873). Plaintiffs' petition against University City, Damos, Ellman and Topper alleged no more than that the city breached its duty to the general public to keep the peace. Such a breach confers no right upon plaintiff to recover for their losses sustained as a result of that alleged breach.

 Adding to the allegations the words "intentional," "wanton," "grossly negligent" and in "utter disregard for safety of plaintiffs' property" causes no change in defendant's liability. If no duty flows from defendants to plaintiffs it is immaterial what defendants' state of mind was. *Nelson v. Freeman,* 537 F.Supp. 602 (D.C. Mo.1982) [7] aff'd. 706 F.2d 276 (8th Cir. 1983). The absence of duty also is fatal to plaintiffs' alleged constitutional claims and to their contention that Sec. 71.185 RSMo 1978 removes this case from the sovereign immunity doctrine. The dismissal of this petition was proper, not because of sovereign immunity, but because no recognized legal duty was breached.

 Plaintiffs' further contention that University City and its employees are liable because they failed to comply with the City ordinances is similarly defective. As stated in *Bean v. City of Moberly,* 350 Mo. 975, 169 S.W.2d 393 (1943) "... it has become definitely settled that a city is not civilly liable for failure to enforce its ordinances." [11, 12] See also *Van Der Haar v. City of St. Louis,* 226 S.W.2d 376 (Mo.App.1950) [1, 2].

 The allegations as to Mallon, however, go beyond those made against the other defendants. The count against him further charges that Mallon actively interfered with the efforts of the neighboring firemen to fight the fire. We find such allegations are sufficient to state a cause of action against Mallon as an individual.

In view of our disposition of the matter it is unnecessary for us to address the motions filed by the defendants and taken with the case, and we deny them as moot.

Judgment as to defendants University City, Damos, Ellman and Topper is affirmed. Judgment as to defendant Mallon is reversed and remanded for trial.

GAERTNER, P.J., and STEPHAN, J., concur.