**GWT–PAT, INC., et al.,**
**Plaintiffs/Appellants,**

v.

**MEHLVILLE FIRE PROTECTION DISTRICT, et al., Defendants/Respondents.**

No. 58450.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 15, 1991.

James G. Onder, St. Louis, for plaintiffs/appellants.

Peter B. Hoffman, Robert E. Tucker, St. Louis, for defendants/respondents.

GRIMM, Judge.

■ Plaintiffs appeal the dismissal of their negligence action against defendant Mehlville Fire Protection District.[1] We affirm.

Plaintiffs raise two points on appeal; however, we need not reach the second point. They contend "[t]he trial court erred in sustaining the Mehlville Fire Protection District's motion to dismiss under the 'public duty' doctrine and in overruling [plaintiffs'] motion for reconsidera-

tion...." They claim the trial court "fail[ed] to acknowledge the distinction between misfeasance (active negligence) and nonfeasance (passive negligence)."

We disagree; Missouri courts do not recognize an "affirmative acts" exception to the public duty rule. Therefore, the trial court correctly sustained defendant's motion to dismiss.

## I. Background

"In determining whether plaintiffs have stated a cause of action, this court assumes every pleaded fact is true and takes every favorable inference in favor of plaintiffs which may be drawn from the facts pleaded." *Connell v. Whiteley,* 779 S.W.2d 781, 782–783 (Mo.App.S.D.1989). The pleaded facts[2] disclose the following.

■ Plaintiff GWT–PAT, Inc. occupied part of a building at 5040 Butler Hill Road. Butler Hill Tavern, Inc. occupied the adjacent part of the building numbered 5036 Butler Hill Road.

On November 14, 1987, a fire began in the Butler Hill Tavern side of the building. Defendant responded to the fire and began to battle the blaze.

In the course of fighting the fire, defendant "negligently vented fire through the premises occupied by plaintiff." This action caused the fire to spread into plaintiffs' premises and cause damages.

## II. Public Duty Rule

Plaintiffs contend the trial court erred in sustaining defendant's motion to dismiss, and in overruling plaintiffs' motion for reconsideration. They claim the trial court misinterpreted the "public duty" rule. They argue the trial court "fail[ed] to acknowledge the distinction between misfeasance (active negligence) and nonfeasance

---

1. The notice of appeal states the appeal is from "the dismissal & denial of rehearing." The denial of rehearing refers to the denial of a motion for reconsideration of the court's order sustaining defendant's motion to dismiss. The motion for reconsideration was not filed within 15 days of the dismissal order, and therefore cannot be considered a motion for new trial. Under the

circumstances here, the motion for reconsideration is of no legal effect.

2. An affidavit from plaintiffs' attorney was attached to plaintiffs' Motion for Reconsideration. The affidavit sets forth facts which are the result of his investigation, and expands on plaintiffs' theory of misfeasance and active interference with the natural course of the fire.

(passive negligence) in the Mehlville Fire Protection District's active interference with the natural course of a fire and its affirmative igniting of [plaintiff's] premises."

"The threshold requirement to establish tort liability in this negligence action is the existence of a 'legal duty on the part of defendant[s] to conform to a certain standard of conduct to protect others against risks.'" *Lawhon v. City of Smithville*, 715 S.W.2d 300, 302 (Mo.App.W.D.1986) (quoting *Hoover's Dairy, Inc. v. Mid–America Dairymen*, 700 S.W.2d 426, 431 (Mo.banc 1985)).

Missouri courts have "consistently held that public officers are not liable for injuries or damages sustained by particular individuals resulting from breach by the officers of a duty owed to the general public." *Berger v. City of University City*, 676 S.W.2d 39, 41 (Mo.App.E.D.1984). This "public duty" rule is "based on the absence of a duty to the particular individual as contrasted to the duty owed to the general public." *Id.*

Some states recognize a "special duty" exception. Under this exception, public officers owe a duty to an individual if (1) "the municipality is uniquely aware of the particular danger or risk to which the plaintiff is exposed; (2) there are allegations of specific acts or omissions on the part of the municipality; (3) the acts or omissions are either affirmative or willful in nature; and (4) the injury occurs while plaintiff is under the direct and immediate control of employees or agents of the municipality." *Id.*

Plaintiffs acknowledge Missouri has rejected the "special duty" exception. *See Berger*, 676 S.W.2d at 41, and *Lawhon*, 715 S.W.2d at 302. Nevertheless, plaintiffs contend Missouri courts have implicitly recognized an exception to the public duty rule for acts of "active negligence or misfeasance."

Plaintiffs rely on two cases to support their contention: *Berger* and *White v. Int'l Assoc. of Firefighters*, 738 S.W.2d 933 (Mo. App.W.D.1987). Neither case is controlling.

In *Berger*, plaintiffs sued University City, several city employees, the firefighters union, and its president to recover damages arising out of the city fire department's refusal to fight a fire during an illegal strike. The city and its employees were dismissed from the suit; plaintiffs appealed. This court affirmed the dismissal as to all defendants except the city's fire chief. As to the chief, we said "The count against him further charges that [fire chief] actively interfered with the efforts of the neighboring firemen to fight the fire. We find such allegations are sufficient to state a cause of action against [him] as an *individual.*" *Id.* at 42. (emphasis added).

In *White*, the Western District held that private citizens whose home was destroyed during strike by firefighters union could not maintain an intentional tort cause of action against the union. However, the court "noted that plaintiff's petition did not allege that the union (or its members) started the fire at plaintiffs' home or did any specific acts which prevented the personnel … from combating the fire. Such acts go beyond the protection of the public duty doctrine." *Id.* at 938.

Plaintiffs contend these two cases support their claim that Missouri Courts have impliedly recognized an exception to the public duty rule for "active negligence" by public employers. We disagree.

In *Berger*, the allegations against defendant fire chief charged that he "actively interfered with the efforts of the neighboring firemen to fight the fire." It was those allegations which were found to be sufficient to state a cause of action against the fire chief "as an individual," not as a city employee. *Berger*, 676 S.W.2d at 42. Here, there are no such allegations.

In *White*, the trial court and the Western District both ruled that plaintiffs had not stated a cause of action against a firefighters union or its officers. We do not find anything in *White* recognizing the exception plaintiffs claim.

We also note that plaintiffs' "affirmative acts" exception is nearly identical to the third element of the "special duty excep-

tion": "the acts or omissions are either affirmative or willful in nature...." *Berger*, 676 S.W.2d at 41. As stated before, Missouri courts have repeatedly rejected the special duty exception. We now decline to take one element of that exception and create an "affirmative act" exception.

We finally observe that if we adopted plaintiffs' position, fire departments would be exposed to liability if, in the course of fighting a fire, a mistake was made. However, a department would be shielded from liability if it arrived at the scene and did nothing. This would not be good public policy.

Our position is further supported by *Lawhon*. In *Lawhon*, the Western District upheld defendant City's and defendant Fire Fighting Association's motions to dismiss. The court found no legal duty to plaintiffs even though they alleged the firefighters had committed a negligent affirmative act, i.e. applying water to a grease fire. *Lawhon*, 715 S.W.2d at 301.

Plaintiffs' point is denied. The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.