**Betty J. BEAVER, et al., Appellants,**

v.

**Irene GOSNEY, et al., Respondents.**

**No. WD 44043.**

Missouri Court of Appeals,
Western District.

Jan. 7, 1992.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
March 3, 1992.

Application to Transfer Denied
April 21, 1992.

G. Spencer Miller & Philip R. Holloway, Miller, Dougherty & Modin, Kansas City, for appellants.

E. David Swartzbaugh & Dale H. Close, Kansas City Police Dept., Legal Advisor's Office, Kansas City, for respondents.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Betty and James Beaver appeal from the dismissal of their action against Steven Hebauf, an officer of the Kansas City, Missouri Police Department, for failure to state a cause of action for which relief may be granted. The Beavers raise three points in this appeal claiming that the trial court erred in sustaining Hebauf's motion to dismiss because: (1) sovereign immunity was abrogated by the legislature under § 537.-600, RSMo 1986,[1] in two specific situations and such action by implication abrogated the public duty doctrine; (2) the public duty doctrine should be modified in Missouri to recognize a "special duty" exception applicable to the case at bar; and (3) Hebauf's actions were ministerial in nature so official immunity is not a bar to the action. The judgment is affirmed.

On November 12, 1988, at approximately 10:30 a.m., Irene Gosney was driving along N.W. Barry Road near its intersection with North Marston. Ms. Gosney lost control of her vehicle when another automobile allegedly pulled out from North Marston. As a result of her evasive action, Ms. Gosney's vehicle was disabled, and she left it in the westbound lane of traffic. Shortly after this occurrence, Officer Steve Hebauf of the Kansas City, Missouri Police Department was dispatched to the scene. While Hebauf was investigating the accident, Betty Beaver, who was driving in the westbound lane, came upon the site of the occurrence and swerved to avoid hitting the Gosney vehicle. She struck a vehicle being operated in the eastbound lane by Peter C. Stacy. As a result of the collision, Betty Beaver sustained serious injuries.

Betty and James Beaver filed suit in the circuit court of Clay County on April 25, 1990. Through the original petition and in subsequent amended petitions, the Beavers sued Irene Gosney, Peter C. Stacy, Steven Hebauf, American Standard Insurance Company of Wisconsin and the City of Kansas City, Missouri. In regard to Steven Hebauf, the second amended petition stated:

1. All statutory references are to Revised Missouri Statutes 1986, unless otherwise indicated.

6. Shortly after Defendant Gosney's vehicle became disabled, Officer Hebauf was dispatched to the scene. Upon arrival and until after plaintiff's collision, Officer Hebauf placed his patrol car off of N.W. Barry Road in the safety of an intersecting street as he investigated Defendant Gosney's accident. At all times pertinent herein, there were certain rules and regulations promulgated by the Kansas City, Missouri Police Department which governed the activities of Defendant Hebauf while on duty. Copies of the applicable sections are attached hereto as Exhibit "B" and are incorporated herein. Said rules and regulations establish special duties of Officer Hebauf to those individuals who might be injured as the result of a previous accident. Plaintiff Betty J. Beaver was in the special class of individuals to whom Officer Hebauf owed special duties as set forth in the attached regulations.

\*　　\*　　\*　　\*　　\*　　\*

13. Defendant Steven Hebauf was negligent in the following particulars:

(a) Failure to place flares or other warning devices to caution westbound traffic of the presence of the disabled vehicle which created an obstruction and dangerous condition on a public street owned and maintained by defendant City of Kansas City, Missouri;

(b) Failure to place his patrol car, with flashers and lights operating, in such a location as to advise westbound traffic of the presence of the disabled vehicle;

(c) Failure to direct traffic safely around the disabled vehicle;

(d) Failure to quickly remove or have removed the disabled vehicle;

(e) Knew or should have known that the Gosney vehicle was left in a position that caused extreme peril to westbound traffic and thereby failed to take any steps to remedy the peril; and

(f) Failed to follow police procedure in investigating the Gosney accident so as to avoid a subsequent accident and specifically failed to follow the regulations set forth in Exhibit "B" attached hereto.

Following a motion to dismiss filed by Hebauf, the court dismissed the Beavers' claims against Hebauf for failure to state a claim for which relief may be granted and designated the dismissal as final for the purposes of appeal.

■ In their first point, the Beavers allege that the trial court erred in sustaining Hebauf's motion to dismiss because sovereign immunity was abrogated by the legislature in § 537.600 in two specific situations. This abrogation of sovereign immunity, the Beavers argue, also impliedly either abrogated the public duty doctrine relating to those situations or is a basis for this court to abrogate the public duty doctrine.

■ In 1978, the legislature re-established sovereign immunity in response to the Supreme Court's abrogation of the common law doctrine in *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977). Section 537.600 expressly waives immunity only in two instances: (1) where injuries result from the negligent acts or omissions by public employees in connection with the operation of motor vehicles; and (2) where injuries are caused by a dangerous condition of public property created by the acts or omissions of an employee of the public entity within the course of his employment or when a public entity had notice of such condition and had sufficient time to take measures to protect the public. The sovereign immunity doctrine is a different legal concept than the public duty doctrine which is the focus of this case. Sovereign immunity is "uniquely applicable to governmental entities and is not transferable to an agent of that entity." *Rustici v. Weidemeyer,* 673 S.W.2d 762, 768 (Mo. banc 1984). Thus the police officer in *Rustici* was not allowed the protection afforded by sovereign immunity. *Id.* The public duty doctrine, on the other hand, holds that public officers are not liable in tort for injuries or damages sustained by particular individuals that result from a breach of the duty that officers owe to the general public. *Sherrill v. Wil-*

*son,* 653 S.W.2d 661 (Mo. banc 1983). The rationale for the public duty doctrine is to provide protection for modestly compensated public employees against multifarious claims and to allow these employees to perform their tasks without inappropriate distractions. *Norton v. Smith,* 782 S.W.2d 775, 777 (Mo.App.1989).

The Beavers' attempt to intermingle the two doctrines fails. The abrogation of sovereign immunity in no way impliedly abrogated the public duty doctrine. Long beyond the time that sovereign immunity was abrogated in regard to those two situations, the public duty doctrine remained strong and viable. Missouri case law has consistently reaffirmed the doctrine.[2]

The Beavers point out that a number of states have concluded that the underlying principles of the public duty doctrine are better served by applying conventional tort principles and by protection afforded under statutes governing sovereign immunity than by a rule that precludes a finding of actionable duty on the basis of a defendant's status as a public employee.[3] The invitation extended by the Beavers to follow these other jurisdictions must be declined and Missouri's long-held position reaffirmed.

■ "Enforcement of the law and keeping of the peace are duties which a municipality and its employees owe to the general public but a breach of which is not actionable by a citizen." *Berger v. City of University City,* 676 S.W.2d 39, 41 (Mo.App. 1984). The duties that Hebauf was alleged to have been negligent in performing are all duties he owes to the general public: (1) failure to place flares or other warning devices to warn of the presence of the disabled vehicle; (2) failure to place his patrol car, with lights and flashers operating, in a location that would advise westbound traffic of the disabled vehicle; (3) failure to direct traffic safely around the disabled vehicle; (4) failure to remove the disabled vehicle; (5) knowledge that the vehicle caused extreme peril to westbound traffic and failure to take steps to remedy such peril; and (6) failure to follow police procedure in order to avoid a subsequent accident. These listed duties, alleged to be performed negligently by Hebauf, are similar to those discussed by this court in *Spotts v. City of Kansas City,* 728 S.W.2d 242 (Mo.App.1987).

The Beavers' attempt to distinguish *Spotts* deals with the issues in said case concerning sovereign immunity rather than the public duty doctrine. The Beavers argue that *Spotts* involved traffic regulation at an accident scene, while the case at bar involves whether the city failed to keep the streets in a reasonably safe condition. This distinction is relevant only in the determination of whether sovereign immunity bars the Beavers' claim against the city, not an issue in this appeal, and is irrelevant in the analysis of their claim against Hebauf. The plaintiff in *Spotts* was seriously injured when the vehicle in which she was a passenger was rear-ended by a van after the vehicle had been stopped in traffic due to an earlier accident. *Id.* at 244. One defendant, a Kansas City policeman, was alleged to have breached his duty to Ms. Spotts by failing to set up barricades or warn of an obstruction to traffic. *Id.* at 248. In applying the public duty doctrine, the court found that these were duties owed the general public and thus the officer was not liable to the plaintiff for his alleged failure to fulfill these duties. *Id.* *Spotts* is controlling in the instant case and the trial court did not err in dismissing the

2. *See State ex rel. Barthelette v. Sanders,* 756 S.W.2d 536 (Mo. banc 1988); *Green v. Denison,* 738 S.W.2d 861 (Mo. banc 1987); *Sherrill v. Wilson,* 653 S.W.2d 661 (Mo. banc 1983); *GWT-PAT, Inc. v. Mehlville Fire Protection Dist.,* 801 S.W.2d 798 (Mo.App.1991); *Norton v. Smith,* 782 S.W.2d 775 (Mo.App.1989); *Spotts v. City of Kansas City,* 728 S.W.2d 242 (Mo.App.1987); *Berger v. City of University City,* 676 S.W.2d 39 (Mo.App.1984).

3. *See Adams v. State,* 555 P.2d 235 (Alaska 1976); *Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982); *Leake v. Cain,* 720 P.2d 152 (Colo.1986); *Commercial Carrier Corp. v. Indian River County,* 371 So.2d 1010 (Fla.1979); *Wilson v. Nepstad,* 282 N.W.2d 664 (Iowa 1979); *Schear v. Board of County Comm'rs,* 101 N.M. 671, 687 P.2d 728 (1984); *Coffey v. Milwaukee,* 74 Wis.2d 526, 247 N.W.2d 132 (1976); *Brennen v. Eugene,* 285 Or. 401, 591 P.2d 719 (1979).

case against Hebauf under the public duty doctrine.

■ The Beavers next argue that Missouri should modify the public duty doctrine to establish an exception to the doctrine, the so-called "special duty" exception. Missouri courts have consistently chosen not to create such an exception.[4] The "special duty" exception operates if, "(1) the municipality is uniquely aware of the particular danger or risk to which the plaintiff is exposed; (2) there are allegations of specific acts or omissions on the part of the municipality; (3) the acts or omissions are either affirmative or willful in nature; and (4) the injury occurs while plaintiff is under the direct control of employees or agents of the municipality." *Berger*, 676 S.W.2d at 41, (citing *Marvin v. Chicago Transit Authority*, 113 Ill.App.3d 172, 68 Ill.Dec. 786, 446 N.E.2d 1183 (App. 1983) [4, 5]). Even were a "special duty" exception recognized, it would not be applicable in the instant case as Ms. Beaver could not satisfy the fourth requirement. Point II is denied.

■ Because the public duty doctrine operates as a complete bar to the Beavers' action, it is not necessary to engage in a lengthy discussion of official immunity. *See Spotts*, 728 S.W.2d at 248. However, official immunity, which bars actions for damages for the negligent performance of discretionary duties, *Rustici*, 673 S.W.2d at 769, would also operate as a bar when applied to the facts of the instant case. The crux of the issue is the classification of Hebauf's duties as either discretionary or ministerial. The concept of discretion entails whether the act involved requires "the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether an act should be done or a course pursued." *Rustici*, 673 S.W.2d at 769, (*quoting Jackson v. Wilson*, 581 S.W.2d 39, 43 (Mo.App.1979)). Ministerial acts, in contrast, are more of a clerical nature and are required to be performed in a prescribed manner, obedient to legal au-

thority without regard to the public officer's judgment in performing the act or his opinion of the propriety of the act. *Rustici*, 673 S.W.2d at 769. Under the definitions given above and on examination of the facts of this case, it is clear that Hebauf's actions associated with investigating the accident were of the discretionary type. Point III is denied.

The trial court did not err in dismissing the action against Hebauf. The judgment is affirmed.

All concur.

**4.** *See GWT–PAT, Inc. v. Mehlville Fire Protection Dist.*, 801 S.W.2d 798 (Mo.App.1991); *Spotts v. City of Kansas City*, 728 S.W.2d 242 (Mo.App. 1987); *Lawhon v. City of Smithville*, 715 S.W.2d 300 (Mo.App.1986); *Berger v. City of University City*, 676 S.W.2d 39 (Mo.App.1984).