Robert COOPER, Plaintiff–Appellant,

v.

**Robert PLANTHOLD, Defendant–Respondent.**

No. 62429.

Missouri Court of Appeals, Eastern District, Division Two.

June 15, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1993.

Application to Transfer Denied Aug. 17, 1993.

---

**2.** *State v. McCanery*, 784 S.W.2d 813 (Mo.App. 1990) [1]; *State v. Moore*, 782 S.W.2d 698 (Mo. App.1989); *State v. Crump*, 747 S.W.2d 193 (Mo. App.1988) [6].

Robert H. Pedroli & Associates, Robert H. Pedroli, Daniel J. Gauthier, Clayton, for plaintiff-appellant.

James J. Wilson, City Counselor, Julian L. Bush, Stephen W. Thurmer, Assoc. City Counselors, St. Louis, for defendant-respondent.

PUDLOWSKI, Judge.

Plaintiff-appellant, Robert Cooper, appeals from a summary judgment entered by the Circuit Court of the City of St. Louis for defendant-respondent, Robert Planthold. Appellant's son died in a jail cell after hanging himself by his suspenders. On appeal, appellant claims that the trial court erred in granting summary judgment because a special order issued by the St. Louis City Police Department created a mandatory duty which required respondent to remove appellant's suspenders. We affirm.

I.

The facts viewed in the light most favorable to appellant indicate: On April 3, 1987, appellant's decedent, John Cooper, was arrested by St. Louis Police Officer Vincent Hayden. The booking officer, Robert Planthold, noted in his report that at the time of his arrest, decedent's speech was slurred, his balance was unsteady and his clothing was "dirty and disorderly." From these observations Planthold concluded that decedent was intoxicated.

At 2:20 a.m., decedent was conveyed to the Third District Police Station in the City of St. Louis. He was taken to a "holdover" area in the police station. While in holdover, decedent was searched by Planthold who removed a wallet, a comb, a watch and shoe laces. Those items were placed in an envelope. Decedent was wearing suspenders instead of a belt. The police report noted that Planthold searched for a belt around decedent's waist but found none. Having removed portions of decedent's personal property for safe keeping, Planthold left decedent alone in the holdover cell at 2:30 a.m. Decedent was still in possession of his suspenders. At 2:50 a.m., the officer returned to the holdover cell to find that decedent had hung himself by his suspenders. He died as a result of his action. Planthold noted in his report that decedent had given no indication at the time of the arrest or search that he might attempt suicide.

■ At the time of decedent's arrest the police department order regarding the disposition of a prisoner's personal property upon arrest provided in part:

D. *Security of Prisoner's Property*

At the time of the booking, the arresting or assisting officer shall search the prisoner and remove all personal property, including belt, shoelaces and tie. The desk or booking officer shall count and verify any money and/or valuables in the presence of the prisoner and arresting or assisting officer, placing all money in a small currency envelope, which, along with all other items of

personal property, will be placed in a department property envelope.... [1]

Based upon this order, appellant filed a petition in circuit court claiming that Planthold was negligent in failing to follow mandated departmental procedures in that he did not remove decedent's suspenders. Appellant later amended his petition to include the police board. On June 6, 1990, the circuit court dismissed the counts against the police board, leaving officer Planthold as the lone defendant. Defendant filed a motion for summary judgment. The trial court granted the motion after determining that Officer Planthold did not owe a duty to decedent.

## II.

Our Supreme Court has recently reconsidered the parameters of summary judgment motions in Missouri. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc April 20, 1993) (*ITT*). The Court reiterated the time honored practice of reviewing the record in the light most favorable to the non-moving party and according the non-movant all reasonable inferences. *Id.* at 376. The *ITT* court also noted that our review of a summary judgment motion is essentially de novo. *Id.* at 376.

## III.

On appeal, appellant argues that the "public duty doctrine" does not act to bar his suit because the duty owed to decedent was a duty owed to decedent specifically and not to the public generally. Because we find that the public duty doctrine acts to bar appellant's cause of action, we need not address appellant's alternative arguments regarding official immunity. The public duty doctrine along with the official immunity doctrine are two distinct yet related common law doctrines, firmly entrenched in Missouri law, which impose obstacles to civil recovery against public officials. *Green v. Denison*, 738 S.W.2d 861, 865 (Mo. banc 1987) citing *Sherrill v. Wilson*, 653 S.W.2d 661 (Mo. banc 1983).

■ The public duty doctrine provides that a public employee may not be held civilly liable for the breach of a duty owed to the general public. *Green*, 738 S.W.2d at 866. Certain jurisdictions recognize a "special duty" exception to the public duty doctrine which allows recovery when four specific criteria are met. *See Berger v. City of University City*, 676 S.W.2d 39, 41 (Mo.App.1984). Missouri has not implemented the "special duty" exception to the public duty doctrine. *See id.* However, our courts have recognized that the public duty doctrine does not act as a bar to civil action in cases where the duty is owed to a single individual. *See Sherrill*, 653 S.W.2d at 669.

Our courts have broadly construed the meaning of public duties in cases involving the duties of police officers. *See Beaver v. Gosney*, 825 S.W.2d 870, 873 (Mo.App. 1992); *Spotts v. City of Kansas City*, 728 S.W.2d 242 (Mo.App.1987). For example, civil action against a police officer for failure to secure a traffic accident scene which resulted in a subsequent crash has been barred by the public duty doctrine because the duty of securing an accident scene is deemed owed to the public at large and not to the particular individual involved in the accident. *Beaver*, 825 S.W.2d at 873.

■ Although some courts have acknowledged the existence of the "Special Duty" exception to the public duty doctrine, the doctrine would not apply under the facts of this case. Based upon the record before us, appellant has failed to demonstrate that a special duty was owed

---

**1.** This version of the regulation was produced by defendant during the discovery process and went into effect in 1985. Defendant attached a newer, revised version of the regulation along with an affidavit stating that the newer regulation was valid in 1987 with its motion for summary judgment. The regulation stated facially that it was not issued until 1990. While we are aware that, unless contradicted, facts set forth in an affidavit in support of a motion for summary judgment are taken as true, *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978), we accept the dates of issuance and effective dates printed on the face of the regulations as true indications of the regulations issued dates. In any event, the text of the regulation does not alter the outcome of this case.

to the deceased and not to others. In the instant case, the practice of removing personal belongings has several plausible policy rationales. The order hampers the prisoner from injuring himself and others while in custody. It also assists in keeping a close account on the prisoner's property which avoids needless litigation over allegedly lost property. Thus, the order is multidirected, and is meant to protect all in custody; not simply the particular prisoner who is injured. In addition the maintenance of safe jail cells is a duty the police department owes to the public at large and not to a particular individual.

We further note that there was no evidence indicating the order was promulgated to personally protect particular individuals. Ostensibly, the order is to protect and save property of an individual. Without evidence to support a "special duty" exception, we hold that the public duty doctrine bars appellant's claim and the trial court's judgment is affirmed.

CRANDALL, P.J., and GRIMM, J., concur.