Ernest **ALLEN**, Appellee,

v.

**CITY OF KINLOCH**, Appellant.

No. 84–1399.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1984.

Decided May 31, 1985.

Rehearing and Rehearing En Banc
Denied July 5, 1985.

Lloyd J. Jordan, St. Louis, Mo., for appellant.

Louis S. Czech, Clayton, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

The City of Kinloch appeals from the district court's entry of judgment on a jury verdict awarding Ernest Allen $3,000.00 in compensatory damages on a civil rights claim he had brought against the city under 42 U.S.C. § 1983. For reasons to be stated, we reverse.

Allen's claim, which alleged violation of his procedural due process rights, stemmed from an incident in which Kinloch police had had three of his trucks towed off property he owned or occupied. The trucks were towed on July 16, 1983, and were held by Ed Erp's Automotive Center, apparently on instructions from the police department, until January, 1984. According to Allen, he received no hearing or pre-towing notice. Allen further alleged that Kinloch police had once without warning towed several of his son's vehicles from the same premises, and had never returned them. Allen testified that on another occasion police had threatened to tow other of his trucks which he had parked on the property. Testimony elicited by Allen's attorney indicated that tickets and twenty-four hour removal notices completed by police in connection with the towings had cited nonexistent ordinances and had referred to different trucks than those ultimately towed.

It is important to an understanding of the issues before us on appeal to clarify the nature of the claim Allen presented at trial. Allen presented little or no evidence regarding procedures the City normally afforded owners of towed vehicles; nor did he present rebuttal evidence when City officials testified that the City provided vehicle owners hearings in towing situations.[1] Instead, Allen's evidence focused on how he and other members of his family had been treated by police, and whether the trucks had been parked on his property or on the City's property. In short, as the jury instructions reveal, Allen's claim, rather than being an attack on the facial validity of any established procedures or policies Kinloch might have had, was instead that police had abused their authority by arbitrarily seizing his trucks.

 From a reading of the jury instructions, we assume the jury concluded that the towings had been improper, and that police had intentionally or knowingly exceeded their authority in arranging for the trucks to be towed. Nevertheless, "[n]othing in the [Fourteenth] Amendment protects against all deprivations of life, liberty, or property by the State. The Fourteenth Amendment protects only against deprivations 'without due process of law.'" *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981), (quoting *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). The constitutional issue here is what process was due Allen. It appears settled that municipalities authorizing towing of illegally parked cars are not required by the Constitution to establish pre-deprivation notice and hearing procedures. *Breath v. Cronvich*, 729 F.2d 1006, 1010 (5th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 332, 83 L.Ed.2d 268 (1984); *Sutton v. City of Milwaukee*, 672 F.2d 644, 646 (7th Cir.1982). Further, given Allen's essential claim here that the police department ordered the towings as a deliberate or reckless abuse of authority, the City could hardly be expected to have procedures in place which would automatically afford Allen a remedy. *See Parratt v. Taylor*, 451 U.S. 527, 541, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1980); *Hudson v. Palmer*, — U.S. —, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984). Due process does require that Allen have had, at a meaningful time and in a meaningful manner, an opportunity to challenge the seizure of his property. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). In this connection, however, the Supreme Court has held that, where a random and

---

1. The mayor of Kinloch testified that hearings were afforded in towing situations. Several tickets which Allen admitted having received on the day of the towings were admitted into evidence; on them, the notation "7–26–83" appears in blocks captioned "court date." There is no indication that Allen appeared or sought to appear on July 26, 1983 or any other date.

unauthorized act by a state employee results in a tortious taking of private property, due process is satisfied if state tort law provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1980); *Hudson v. Palmer*, — U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). *See also Hubenthal v. County of Winoma*, 751 F.2d 243 (8th Cir.1984).

■ In Missouri, a person claiming the right to possession of personal property wrongfully detained by another may bring an action in replevin. Mo.R.Civ.P. 99.01 (1983). If the court or jury finds the plaintiff in such an action is entitled to possession of the property, a judgment issues for the return of the property or the value of the property (at the prevailing party's option), and for damages assessed for the taking, detention or injury. Mo.R.Civ.P. 99.12. We see no reason to suppose Allen could not have obtained adequate relief for the taking of his trucks in a replevin action. *Cf. Hudson v. Palmer*, 104 S.Ct. at 3204 (fact that § 1983 plaintiff might recover less in state tort action does not mean tort remedy is inadequate). Accordingly, we must hold that Allen failed to establish any violation of his constitutional rights.

In view of our disposition of this case, a "motion to strike" which the City filed following oral argument on this case is dismissed as moot. The judgment of the district court is reversed and the cause is remanded for entry of appropriate judgment.