**Suzanne MITCHELL, Appellant,**

v.

**VILLAGE OF EDMUNDSON, Respondent.**

No. 65532.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 10, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 1995.

Charles W. Armbruster, Edwardsville, IL, for appellant.

Christopher Erker, Priscilla F. Gunn, Adrian P. Sulser, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Plaintiff, Suzanne Mitchell, claims to have been damaged in the sum of $3,000,000 because her jeep was towed by defendant, Village of Edmundson, from an area she claims was not marked as a "no parking" zone. The trial court dismissed her petition for failure to state a claim. She appeals. We affirm.

In assessing the sufficiency of a petition to state a claim upon which relief can be granted, all properly pleaded facts are assumed to be true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts alleged. *Berkowski v. St. Louis County*, 854 S.W.2d 819, 823 (Mo.App.1993). However, mere conclusions of the pleader not supported by allegations of fact are disregarded. *Id.* Our review is limited to the pleading. *Suelthaus and Kaplan v. Byron Oil Industries, Inc.*, 847 S.W.2d 873, 876 (Mo.App.1992).

Count I of plaintiff's petition purports to state a cause of action for conversion. The petition alleges that on April 9, 1993, plaintiff legally parked her jeep in accordance with posted parking signs and that a Village of Edmundson police officer issued a parking citation and caused her vehicle to be towed away. Attached to the petition and incorporated therein is the parking ticket showing the vehicle was "parked in no parking zone—blocking roadway." [1] The pertinent portion of plaintiff's conversion claim stated:

---

1. Although irrelevant to our consideration of the sufficiency of the petition, photographs attached to the legal file may explain this apparent contradiction. Apparently, plaintiff parked between two no parking signs about 30 feet apart. The sign on the left contained an arrow pointing to the left. The sign on the right contained an arrow pointing to the right. In accordance with

That said 1991 Jeep Wagon was the property of Plaintiff and Plaintiff was entitled to the possession thereof;

that while said Jeep Wagon was in the custody of Defendant, Village of Edmundson, Plaintiff demanded possession of same, but the Defendant wrongfully and unlawfully refused to deliver said 1991 Jeep Wagon to the Plaintiff and thereby converted the same to its own use;

said Jeep Wagon had a reasonable value in excess of TEN THOUSAND DOLLARS ($10,000.00).

The petition also alleges that plaintiff was compelled to pay a $40.00 parking fine and an additional $70.00 towing fee before the release of her vehicle could be accomplished. Count II of the petition alleges that the conduct of defendant, acting under color of state law, constituted a reckless or deliberate disregard of plaintiff's constitutional rights in violation of 42 U.S.C. §§ 1983, 1988 (1994).

The trial court sustained defendant's motion to dismiss, relying upon *Larabee v. Kansas City*, 697 S.W.2d 177 (Mo.App.1985), *Berger v. University City*, 676 S.W.2d 39 (Mo.App.1984), and *Allen v. Kinloch*, 763 F.2d 335 (8th Cir.1985).

■ *Larabee* stands for the proposition that a municipality is protected by sovereign immunity from liability for injuries and damages caused by negligence in the performance of governmental functions. *Larabee*, 697 S.W.2d at 179. *Berger* proclaims "the public duty doctrine", which provides that a governmental body and its officers are not liable for injuries or damages sustained by particular individuals resulting from a breach of a duty owed to the general public. *Berger*, 676 S.W.2d at 41. Both decisions are applicable here. The damages claimed by plaintiff resulted from the acts of a municipal police officer removing a vehicle which had blocked a roadway, a governmental function, complying with a duty owed to the general public. Assuming the truth of the allegations of plaintiff's petition that this action was

the standards of review set forth above, we choose not to find the contradictory allegations so repugnant as to be mutually destructive. See

performed negligently, the defendant is, nevertheless, immune from liability.

■ Plaintiff's attempt to evade this fact by arguing that conversion is an intentional tort, even though her petition charges negligence, is unavailing. "Adding to the allegations the words 'intentional,' 'wanton,' 'grossly negligent' and in 'utter disregard for the safety of plaintiff's property' causes no change in defendants' liability." *Berger*, 676 S.W.2d at 42. Intentional torts have consistently been found to fall within the shield of sovereign immunity. See *Balderree v. Beeman*, 837 S.W.2d 309, 319 (Mo.App.1992) (Slander); *Conrod v. Missouri State Highway Patrol*, 810 S.W.2d 614, 617 (Mo.App. 1991) (Conversion); *Duncan v. Creve Coeur Fire Protection District*, 802 S.W.2d 205, 207 (Mo.App.1991) (Intentional infliction of emotional distress and retaliatory discharge).

The trial court did not err in dismissing Count I of plaintiff's petition.

In Count II plaintiff alleges that the towing of her vehicle was a violation of her constitutional rights to due process and equal protection of the law and purports to assert a cause of action under 42 U.S.C. §§ 1983, 1988 (1994).

"... the necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, can satisfy the requirements of procedural due process." *Parratt v. Taylor*, 451 U.S. 527, 539, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420 (1981).

■ Where there has been a tortious taking of private property by a government employee, due process is satisfied if state law provides a meaningful post-deprivation remedy. *Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir.1985).

■ The ticket incorporated into plaintiff's petition showed her vehicle was blocking the roadway, an exigent situation. Plaintiff does

*Devault v. Truman*, 354 Mo. 1193, 194 S.W.2d 29, 32 (1946).

not argue that the post-deprivation process afforded by the municipal summons and the court date reflected on the ticket was inadequate. Indeed, in *Allen*, the court held an action in replevin in the state court was sufficient to satisfy the requirement for a meaningful post-deprivation remedy. *Id.*

Beyond the purely conclusory allegation of a denial of equal protection in her petition, plaintiff pleaded no facts tending to establish such a claim. In her appellant's brief, she does not argue an equal protection violation. We are unable to perceive the basis for such a claim.

The judgment of the trial court is affirmed.

GRIMM, C.J., and SMITH, J., concur.