**Michael W. MOORE and Mary Moore, Plaintiffs/Appellants,**

v.

**The CITY OF PARK HILLS, Missouri, and Leonard Henson, In His Official Capacity as Mayor of Park Hills, and James Pope, In His Official Capacity as Environmental Enforcement Officer and Individually, Defendants/Respondents.**

No. 68974.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 4, 1996.

Motion for Transfer to Supreme Court Denied July 10, 1996.

Application to Transfer Denied Aug. 20, 1996.

Lindell P. Dunivan, Farmington, for appellants.

Weier, Hockensmith & Sherby, John F. Adam, Jr., St. Louis, for respondents.

Before CRAHAN, P.J., and CRANDALL and DOWD, JJ., concur.

CRANDALL, Judge.

■ Plaintiffs, Michael W. Moore and Mary Moore, appeal from a judgment notwithstanding the verdict in favor of defendants, City of Park Hills and James Pope, in plaintiffs' 42 U.S.C. § 1983 action. We reverse and remand with directions to the trial court to enter judgment for plaintiffs in accordance with the jury verdict.

■ The entry of a judgment notwithstanding the verdict is a drastic action and should be granted only when reasonable persons would not differ on the disposition of the case. *Thieme v. Tour–Toiseshell, Inc.,* 887 S.W.2d 795, 800 (Mo.App.E.D.1994). In reviewing an entry of a judgment notwithstanding the verdict, we consider the evidence and reasonable inferences favorable to the jury verdict and disregard contrary evidence that does not support the verdict. *Kasal v. Freihaut,* 860 S.W.2d 24, 25 (Mo.App. E.D.1993). A defendant's motion for judgment notwithstanding the verdict should be granted only where the plaintiff failed to make a submissible case. *McCulley v. State Farm Mut. Auto. Ins. Co.,* 668 S.W.2d 121, 122 (Mo.App.1984).

Plaintiffs are a husband and wife who purchased a lot located on Mill Street in Park Hills, Missouri. Plaintiffs placed a mobile home and a 40–foot trailer on the property. The plaintiffs planned to use the trailer as a permanent storage area for personal property. In the spring of 1994, plaintiffs began moving some of their personal property from the house they were renting in Park Hills to the trailer on Mill Street. Plaintiffs testified that the items placed in the trailer were not packed for moving because they expected the trailer to be a permanent storage building. Plaintiffs estimated that approximately 40% of their personal property was stored in the trailer by May 12, 1994.

On May 12, 1994, defendant Officer James Pope, the Environmental Enforcement Officer for the City of Park Hills, was contacted by the Chief of Police for the City of Park Hills. The police chief informed Officer Pope that he had received numerous complaints regarding the Mill Street property and that he was declaring the 40–foot trailer a nuisance under city ordinance 215.040. The police chief told Officer Pope to go to the Mill Street property and tow the trailer. At trial, the chief stated that he did not expect Officer Pope to give the plaintiffs notice before he towed their trailer.

Officer Pope drove to the property located on Mill Street and, after determining that it was within the city limits, contacted a towing company. Although Office Pope knew the plaintiffs lived on a nearby street, he made no attempt to notify them that he was going to tow the trailer. He was aware that the trailer contained personal property of the plaintiffs. He testified that on May 12, 1994, he operated under the belief that city ordinance 215.040 allowed him to tow vehicles from private property without notice, and that he had previously towed unlicensed vehicles from private property. He testified that he was carrying out the policy of the defendant City of Park Hills when he had the trailer towed off the plaintiffs' property on May 12, 1994.

The plaintiffs discovered the trailer was missing on May 13, 1994. When they called the police to report it as stolen, they were informed that the City of Park Hills had removed their trailer. The plaintiffs made approximately four demands for the return of the trailer and its contents. In June 1994,

the plaintiffs were allowed to inspect the contents of the trailer, and a video was made to record the condition of the property at that time. Several items of their personal property suffered damage as a result of the towing of the trailer from the Mill Street lot. Finally, the plaintiffs were allowed to regain possession of the trailer in July 1994.

The plaintiffs brought this action under 42 U.S.C. § 1983, alleging that Officer Pope, without notice to the plaintiffs, authorized the towing of their trailer parked on their private property pursuant to ordinance 215.040 of the City of Park Hills.

At trial, plaintiffs testified that Mrs. Moore became very upset when she learned that the trailer had been towed. She testified that she could not sleep, was very nervous, and would cry. She sought medical attention and her doctor prescribed some "nerve medication" to calm her. She testified that she felt the greatest injury she suffered was not the damaged personal property, but the violation of her rights.

The jury returned a verdict for actual damages in favor of plaintiffs and against defendant City of Park Hills, and a verdict for actual damages and punitive damages in favor of plaintiffs and against defendant Officer Pope. After trial, the trial court granted defendants' motion for judgment notwithstanding the verdict.

In their point on appeal, plaintiffs claim the trial court erred in granting defendants' motion because plaintiffs made a submissible case.

In order to prevail in a § 1983 action, plaintiffs must show that defendants' pre-hearing seizure of their trailer deprived them of their constitutional rights. *Davis v. City of Kinloch,* 752 S.W.2d 420, 423 (Mo.App. 1988). They must also prove that defendants' action was taken under the color of state law, and that the law, custom or usage was the cause of the deprivation of the plaintiffs' rights. *Id.* Defendants argue that plaintiffs suffered no due process violation because a post-deprivation remedy, replevin, was available to plaintiffs.

■■ Procedural due process entitles parties whose legal rights are to be affected to be notified and to be heard at a meaningful time and in a meaningful manner before being deprived of those rights. *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). If these procedural due process rights are to serve their full purpose, then the right to notice and a hearing must be granted at a time when the deprivation can still be prevented. *Fuentes v. Shevin,* 407 U.S. at 81, 92 S.Ct. at 1994. Although a later hearing can effectuate a return of wrongfully or mistakenly appropriated property and can even result in an award of damages, it cannot undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred. *Id.*

However, extraordinary situations do exist that justify postponing notice and opportunity for a hearing. *Fuentes v. Shevin,* 407 U.S. at 89, 92 S.Ct. at 1998. The Supreme Court has allowed outright seizure without opportunity for a prior hearing in a few limited situations such as: to collect the internal revenue of the United States, to assist the war effort, to ward off bank failure, and to protect the public from misbranded drugs and contaminated food. *Id.* at 91, 92 S.Ct. at 1999. Additionally, courts have upheld city ordinances which require police to tow illegally parked, abandoned, and unregistered vehicles before the owners are notified or provided an opportunity for a hearing. *Coleman v. Watt,* 40 F.3d 255 (8th Cir.1994); *DeFranks v. Mayor and City Council of Ocean City,* 777 F.2d 185 (4th Cir.1985).

■■ The *Fuentes* court enumerated a three part test to determine when such extraordinary situations exist: First, the seizure must have been directly necessary to secure an important governmental or general public interest; second, there must have been a special need for very prompt action; and third, the state must have kept strict control over its monopoly of legitimate force—the person initiating the seizure must have been a government official responsible for determining that it was necessary and justified in the particular instance. *Fuentes v. Shevin,* 407 U.S. at 91, 92 S.Ct. at 1999.

In this case, the governmental interest was to maintain the aesthetic appearance of the neighborhood. No special need for very prompt action existed. The trailer was parked on private property and was not blocking any roadway. The identity of the owners was known to Officer Pope. In this particular instance, the summary seizure was not necessary.

In support of their contention that replevin is an adequate remedy, defendants cite to *Allen v. City of Kinloch,* 763 F.2d 335 (8th Cir.1985), and *Mitchell v. Village of Edmundson,* 891 S.W.2d 848 (Mo.App. E.D. 1995). In *Allen,* the plaintiff brought a 42 U.S.C. § 1983 civil rights action for an alleged violation of his procedural due process rights when the City of Kinloch towed three trucks from his property. *Allen,* 763 F.2d at 336. The court held that due process was satisfied because state tort law provided a meaningful post-deprivation remedy, replevin. *Id.* at 337. *Allen* is distinguishable from our case not only because the plaintiff there received removal notices, but also because the evidence revealed that Allen's claim was not an attack on the facial validity of any established procedures or policies that Kinloch may have implemented, but was instead that police had abused their authority by arbitrarily seizing his trucks. *Id.* In our case, there is no suggestion that Officer Pope abused his authority; he was carrying out the city's policy of towing without notice under city ordinance 215.040.

In *Mitchell,* the Village of Edmundson towed plaintiff's vehicle for allegedly parking in a no parking zone and blocking a roadway. *Mitchell,* 891 S.W.2d at 849. The plaintiff filed a tort action in which she alleged that a police officer negligently ticketed her vehicle and caused it to be towed.[1] *Id.* at 849, 850. In the second count of her petition, she alleged that the towing was a violation of her constitutional rights to due process and equal protection of the law. *Id.* at 850. This court held that in Mitchell's situation, due process was satisfied if state law provided a meaningful post-deprivation remedy. *Id.*

> [T]he necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, can satisfy the requirements of procedural due process.

*Id.,* quoting *Parratt v. Taylor,* 451 U.S. 527, 539, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420 (1981).

Our case significantly differs from *Mitchell* in that no exigent circumstances necessitated the immediate towing of the trailer; it was not parked in a no parking zone or blocking a roadway, rather it was parked on private property. "[I]n the absence of an emergency condition the existence of a subsequent hearing will not satisfy due process requirements where property deprivation is involved." *Davis v. City of Kinloch,* 752 S.W.2d 420, 424 (Mo.App.1988). Here, the fact that a replevin action is available to plaintiffs does not satisfy due process requirements. The trial court erred in granting defendants' motion for judgment notwithstanding the verdict because plaintiffs made a submissible § 1983 case. Plaintiffs' point is granted.

■ Conceptually, defendants' remaining points on appeal relate only to damages. The record reveals that for the purposes of our review of judgment notwithstanding the verdict, plaintiffs demonstrated that they were damaged. "Where damages are unliquidated, the amount of damages to be awarded is a jury question and is not an appropriate issue for a j.n.o.v.." *Intern. Minerals & Chem. v. Avon Products,* 889 S.W.2d 111, 118 (Mo.App.E.D.1994). An extended opinion on these points would have no precedential value. These points are summarily denied. Rule 84.16(b).[2]

---

1. The trial court dismissed plaintiff's conversion count because the municipality was immune from liability for injuries and damages caused by negligence in the performance of governmental functions. *Mitchell v. Village of Edmundson,* 891 S.W.2d. at 850.

2. Defendants filed a joint motion for a judgment notwithstanding the verdict and for a new trial. Although the trial judge granted the defendants' motion for judgment notwithstanding the verdict, he failed to conditionally rule on their motion for new trial. If a motion for new trial is not passed on within 90 days after the motion is filed, it is

The judgment of the trial court is reversed and remanded with directions to the trial court to enter judgment for plaintiffs in accordance with the jury verdict.

CRAHAN, P.J., and DOWD, J., concur.

denied for all purposes. Rule 78.06. Therefore, only the issues relevant to the entry of judgment notwithstanding the verdict are properly before us.