**CREDIT ACCEPTANCE CORP.,
Plaintiff–Respondent,**

v.

**Free SMITH, Defendant/Third–Party
Plaintiff–Respondent,**

v.

**City of St. Louis, Third–Party
Defendant–Appellant.**

No. 75012.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 4, 1999.

Eric Kendall Banks, City Counselor, Edward J. Hanlon, Deputy City Counselor, St. Louis, for appellant.

Richard Lee Constance, St. Louis, for respondent.

KENT E. KAROHL, Judge.

Free Smith filed a third party petition against the City of St. Louis alleging a cause of action for conversion of her motor vehicle. The claim of plaintiff, Credit Acceptance Corporation, against Free Smith to recover a balance owed on the loan secured by her motor vehicle, was the subject of a consent judgment in favor of Plaintiff. The city defended the third party claim on the basis of sovereign immunity. The trial court rejected the defense and granted a judgment in favor of Free Smith on her claim for conversion. The only issue on the city's appeal is whether sovereign immunity is a defense to the claim.

The city does not dispute the factual evidence which would support a claim for conversion against a private defendant. It argues the court erred in entering a judgment because the city is immune from an action for conversion. The trial court rejected the defense by relying on two cases: *Nika Corp. v. Kansas City*, 582 F.Supp. 343 (W.D.Mo.1983) and *Williams v. Kansas City*, 841 S.W.2d 193 (Mo.App. W.D. 1992).

In *Mitchell v. Village of Edmundson*, 891 S.W.2d 848 (Mo.App. E.D.1995), we affirmed dismissal of a petition for conversion against a municipal corporation that asserted sovereign immunity as a defense. We held a municipality is protected by sovereign immunity from liability for injuries caused by breach of a duty owed to the general public. Subsequently, in *Browning v. White*, 940 S.W.2d 914, 919 (Mo.App. S.D.1997), the Southern District of this court held the sovereign immunity doctrine applies to claims for conversion. *Williams v. Kansas City* does not support a contrary conclusion. The issue of sovereign of immunity was not considered and, therefore, not decided. In light of the *Mitchell* and *Browning* decisions, we conclude that the Federal District Court opinion in *Nika* does not represent Missouri law.

The judgment of the trial court is reversed.

ROBERT G. DOWD, Jr., C.J. and ROBERT E. CRIST, Senior Judge concur.